900 So.2d 253 (2005)
Martha DeBRUN, individually and on behalf of her Minor Child, James DeBrun, Jr., Plaintiffs-Appellants
v.
TUMBLEWEEDS GYMNASTICS, INC., et al, Defendants-Appellees.
No. 39,499-CA.
Court of Appeal of Louisiana, Second Circuit.
April 6, 2005.
*254 James D. Caldwell, Tallulah, James Trey Phillips, for Appellants.
Hayes, Harkey, Smith & Cascio by Thomas M. Hayes, III, John B. Saye, Monroe, for Appellees Tumbleweeds Gymnastics, Inc., P. Kaye Hightower, Diamond State Insurance Company and Campco of Monroe, Inc.
Before BROWN, GASKINS and DREW, JJ.
GASKINS, J.
The plaintiffs, Martha deBrun and her minor son, James deBrun, Jr., appeal from a trial court judgment granting the defendants' motion for summary judgment. We reverse.

FACTS
On May 9, 2000, Jamesthen an 11-year-old fourth grader at Tallulah Elementary Schoolwent on a field trip to an indoor playground, the "Fun Factory" in Monroe, Louisiana. While using a device called a "zip line," James fell and fractured the humeral shaft and distal radius of his left arm and wrist.
On May 8, 2001, James's mother filed suit on his behalf. Named as defendants were Tumbleweeds Gymnastics, Inc. ("Tumbleweeds"), and P. Kaye Hightower, Tumbleweeds' president, d/b/a "Fun Factory"; their insurer, Diamond State Insurance Company ("Diamond State"); Campco of Monroe, Inc.("Campco"), the lessor of the Tumbleweeds premises, and its insurer, XYZ Insurance Company; and ABC *255 Manufacturing Company and its insurer, ABC Insurance Company. The mother alleged that the "zip line system" was defective. She also pled res ipsa loquitur. On May 9, 2001, the mother filed an amended and supplemental petition in which she prayed for her own damages, including emotional distress, as a result of her son's injuries.
On June 26, 2001, Tumbleweeds, Hightower and Diamond State filed their answer, along with two exceptions and a motion. These included an exception of vagueness and a motion to strike two paragraphs of the original petition alleging "[o]ther acts or omissions on the part of defendants which will be more fully and particularly shown at the trial of this matter." They also filed an exception of lack of procedural capacity contending that the mother had failed to establish that she was the duly authorized representative of the minor child. In their answer, these defendants asserted that since the mother failed to allege that she witnessed her son's accident, she did not state a cause of action for her own injuries and emotional distress. They also pled the comparative fault of the minor child and/or other third parties over whom they exercised no legal responsibility. Finally they asserted that the child had broken his left arm in two subsequent accidents (a fall from a bicycle and a fall down school stairs) for which they were not responsible and contended that the mother failed to mitigate her damages by failing to monitor and protect him from the subsequent accidents.
On September 13, 2002, Campco answered the plaintiffs' petitions, asserting essentially the same defenses. It also filed an exception of lack of procedural capacity, as well as an exception of vagueness and a motion to strike the same paragraphs mentioned by the other defendants.
On May 14, 2004, a motion for summary judgment was filed by Tumbleweeds, Hightower, Fun Factory, Campco, and Diamond State. They asserted that Hightower had explained the safety rules before play commenced and that the plaintiffs lacked factual support for their claims that the zip line was unreasonably dangerous. According to the defendants, their affidavits in support of their motion indicated that the child simply fell and landed wrong. They asked that the court dismiss either the plaintiffs' entire lawsuit or at least their claims for products liability or res ipsa loquitur. In support of the motion, the defendants submitted Hightower's affidavit in which she stated that she saw James ride the zip line properly several times. However, he dropped before reaching the end each time because he lacked the necessary upper body strength to support himself. When James fell, she observed that the padding was in its proper place. Hightower also stated that the padding could not be rolled up. According to her, this is the only injury involving the zip line at the Fun Factory since it opened in 1995. In an excerpt from his deposition, James said the right handle stopped and it caused him to let go and fall. In another affidavit, Michael J. Frenzel, a certified safety professional, offered his expert opinion that the accident was neither caused nor contributed to by the zip line. He believed that, more probably than not, the boy simply fell from the ride and landed wrong on the padded surface.
The motion for summary judgment was set for hearing on July 20, 2004.
On July 16, 2004, the plaintiffs fax filed and mailed an opposition to the motion for summary judgment. In support of their position, they presented James' deposition testimony that he landed on carpet, not padding, and that the padding was rolled *256 up. They argued that the pleadings, depositions and affidavits raised several disputed facts, including the adequacy of the safety instructions given to the children and the supervision provided, as well as whether the safety padding was in place or adequate. The plaintiffs also filed a motion for a continuance which was denied on July 19, 2004.
On July 20, 2004, the motion was "taken up, argued and taken under advisement." According to the minute entry, following a recess, the trial court rendered judgment in favor of the defendants.[1] The court signed an "expedited out of court judgment." It stated that the court found that no genuine issue as to any material fact remained and the movants were entitled to judgment as a matter of law. It further provided: "More particularly, this Court finds no breach of any definable duty was shown and no breach of any applicable standard of care was shown (see article 966, et. seq.)" Costs were assessed against the plaintiffs.[2]
The plaintiffs appealed.

PROPRIETY OF JUDGMENT
The plaintiffs filed a motion to supplement the appellate record to include an order signed by the trial court on September 22, 2004, which upset the trial scheduled for November 2, 2004, "due to a scheduling conflict" and stated that trial would be reset at request of either party. This court denied the motion to supplement, instructing the movers to present their motion to the trial court. The trial court granted the motion, and the appellate record was supplemented with this order.
Due to this order, the plaintiffs question whether the judgment in this case was proper. They express uncertainty as to whether the expedited judgment was actually a final judgment or a partial judgment under La. C.C.P. art.1915.
We have examined the judgment at issue. It appears to be a proper judgment granting the defendants' motion for summary judgment. Accordingly, we will consider the merits of this appeal.

SUMMARY JUDGMENT

Law
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Costello v. Hardy, XXXX-XXXX (La.1/21/04), 864 So.2d 129. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). A court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Summary judgment procedure is now favored under our law. La. C.C.P. art. 966(A)(2).
*257 The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. Art. 966(C)(2).
The trial court must first determine whether the supporting documents presented by the mover are sufficient to resolve all material fact issues. If not, summary judgment must be denied in favor of a trial on the merits. A fact is material if its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. In other words, material facts are those which potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. Giordano v. Rheem Mfg. Co., 93-1614 (La.App. 3d Cir.10/5/94), 643 So.2d 492.

Discussion
The plaintiffs assert that the trial court apparently agreed with the defendants' arguments that they only owed James a duty of "reasonable care." To the contrary, they urge Hutchinson v. Knights of Columbus, Council No. 5747, XXXX-XXXX (La.2/20/04), 866 So.2d 228, in which the Louisiana Supreme Court stated in footnote 7 that an "[a]musement ride's operator has heightened duty when young children are involved," citing Gilliam v. Serrano, 162 So.2d 32 (La.App. 1st Cir. 1964), writ refused, 246 La. 77, 163 So.2d 356 (1964). (Gilliam involved a six-year-old child who was injured by a train ride at a church-sponsored fair while the injured person in the Hutchinson case was an adult who tripped over power cables at a festival.[3]) They contend that 11-year-old James was a "young child" entitled to a heightened duty. They further maintain that, through inadequate safety instructions and supervision, the defendants breached their high duty. In particular, they point to Hightower's deposition testimony that she saw James "drop" from the line several times before he reached the end, apparently because he lacked the upper body strength to complete the ride. They also question whether the padding was in place. As to the importance of appropriately placed padding, they refer to a statement quoted by the defendants' expert in his affidavit:
Because head impact injuries from a fall have the potential for being life threatening, the more shock absorbing a surface can be made, the more is the likelihood that the severity of the injury will be reduced.
*258 The plaintiffs maintain that there are genuine issues of material fact which defeat summary judgment. They argue that the summary judgment should be reversed and the matter should be tried.
The defendants contend that summary judgment was appropriate because the plaintiffs did not provide factual support that the zip line was defective or that a duty was breached. Furthermore, as to the products liability claim, they assert that the plaintiffs failed to even try to meet their burden of proving that the defendants "manufactured" or "sold" a product. On the other hand, the defendants maintain that they offered affidavit evidence that the zip line was not defective, there was no notice of a problem with the zip line, the defendants were not manufacturers or sellers, and res ipsa loquitur did not apply. They claim that James' description of his fall is vague and raises more questions than it answers. As to the plaintiffs' evidence in opposition, the defendants maintain that the record shows that their opposition was untimely and that the plaintiffs therefore failed to carry their burden when it shifted to them under La. C.C.P. art. 966. The defendants also distinguish the Gilliam case as dealing with a much younger child.

Timeliness of Opposition
La. C.C.P. art. 966 provides, in pertinent part:
B. The motion for summary judgment and supporting affidavits shall be served at least fifteen days before the time specified for the hearing. For good cause, the court shall give the adverse party additional time to file a response, including opposing affidavits or depositions. The adverse party may serve opposing affidavits, and if such opposing affidavits are served, the opposing affidavits and any memorandum in support thereof shall be served pursuant to Article 1313 at least eight days prior to the date of the hearing unless the Rules for Louisiana District Courts provide to the contrary. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. [Emphasis added.]
Rule 9.9 of the Louisiana District Court Rules provides, in relevant part[4]:
(b) A party who opposes an exception or motion must concurrently furnish the trial judge and serve on all other parties an opposition memorandum at least eight calendar days before the scheduled hearing. The opposition memorandum must be served on all other parties so that it is received by the other parties at least eight calendar days before the hearing, unless the court sets a shorter time.
...
(d) Parties who fail to comply with paragraphs (a) and (b) of this rule may forfeit the privilege of oral argument. If a party fails to timely serve a memorandum, thus necessitating a continuance to give the opposing side a fair chance to respond, the court may order the late-filing party to pay the opposing side's costs incurred on account of untimeliness. [Emphasis added.]
The record indicates that the plaintiffs' opposition was mailed only four days before the hearing and was thus untimely. Hines v. Riceland Drilling Co., 2004-503 (La.App. 3d Cir.9/29/04), 882 So.2d 1287, writ denied, 2004-2705 (La.1/7/05), 891 *259 So.2d 681. However, trial judges have discretion, absent prejudice to the moving party, to consider affidavits opposing summary judgment served after the time prescribed by the article. Savoie v. Savoie, 03-893 (La.App. 5th Cir.12/30/03), 864 So.2d 742; Kops v. Lee, XXXX-XXXX (La. App. 4th Cir.3/31/04), 871 So.2d 1187.
The most noteworthy portions of the plaintiffs' opposition were pages from James' deposition in which he stated that the padding under the zip line was rolled up and lying against the wall at the time he fell. We note that James' deposition was part of the evidence reviewed by Frenzel, the defendants' expert. In his affidavit, Frenzel specifically referred to James' statement that "the mats were rolled up and against the wall at the end of the zip line run and that he fell to a carpeted surface." Frenzel contrasted this with Hightower's statement in her affidavit that the mats were in place at the time of the accident. Given the fact that this evidence was included in the expert's affidavit which was submitted by the defendants in support of their motion for summary judgment, it cannot be said that they were prejudiced by James' affidavit excerpts in opposition to the motion.

Material issues of fact
The question of whether the padding was properly in place under the zip line when the deBrun child was injured is crucial to the ultimate resolution of the present case. It speaks to whether the zip line was unreasonably dangerous. The woman supervising the children at play and the injured boy have testified in direct contradiction to each other on this issue.
A trial judge cannot make credibility determinations on a motion for summary judgment. Hutchinson v. Knights of Columbus, Council No. 5747, supra; Independent Fire Insurance Company v. Sunbeam Corporation, 1999-2181, 1999-2257 (La.2/29/00), 755 So.2d 226. A party seeking a summary judgment is entitled to a favorable judgment only if "there is no genuine issue as to a material fact" and, thus, the "mover is entitled to judgment as a matter of law." [Emphasis theirs.] Hutchinson v. Knights of Columbus, Council No. 5747, supra. The credibility of a witness is a question of fact. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Hutchinson v. Knights of Columbus, Council No. 5747, supra. In deciding a motion for summary judgment, the court must assume that all of the affiants are credible. Independent Fire Insurance Company v. Sunbeam Corporation, supra.
Given the existence of a disputed issue of material fact, particularly one as pertinent as the condition of the padding under the zip line, we find that summary judgment was not appropriate. Accordingly, we reverse the trial court judgment.

CONCLUSION
The judgment of the trial court is reversed. The matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed against the defendants/appellees.
REVERSED AND REMANDED.
NOTES
[1] According to the minutes, the parties declined to have the proceedings recorded by a court reporter.
[2] At the bottom of this judgment form, there was a notation directing the prevailing parties to submit an amended judgment to the trial court within 10 days; failure to timely submit such a judgment "shall cause this Judgment to become the prevailing judgment in this case." [Emphasis theirs.] No amended judgment is found in the appellate record.
[3] In the Hutchinson case, the trial court granted summary judgment in favor of the defendants. However, the appellate court reversed on the basis that the affidavits established genuine issues of material fact on such matters as whether the position of the cables posed an unreasonable danger and the possible comparative fault of the plaintiff. The Louisiana Supreme Court affirmed the court of appeal's decision. It found that it was inappropriate for the trial court to make credibility determinations on a motion for summary judgment and that the conflicting affidavits established genuine issues of material fact as to whether precautions should have been taken with respect to the positioning of the cables and whether the plaintiff traversed an area off limits to pedestrians.
[4] Rule 9.9 applies to motions for summary judgment. See Rule 9.10.