935 So.2d 288 (2006)
Randy W. WALLER, Plaintiff-Appellant
v.
SHELTER MUTUAL INSURANCE COMPANY and J.A. Waller, Defendants-Appellees.
No. 41,215-CA.
Court of Appeal of Louisiana, Second Circuit.
June 28, 2006.
*289 Law Offices of Street & Street by D. Randolph Street, for Appellant.
Hudson, Potts & Bernstein, L.L.P., by Jay P. Adams, Charles W. Herold, III, Monroe, for Appellee.
Before BROWN, PEATROSS & DREW, JJ.
PEATROSS, J.
Plaintiff, Randy W. Waller, appeals the judgment of the trial court granting Defendants' motion for summary judgment dismissing his action in its entirety. For the following reasons, the judgment of the trial court is reversed and the matter is remanded to the trial court for further proceedings.

FACTS
On March 31, 2003, Randy W. Waller ("Randy") filed suit against his father, J.A. Waller ("J.A."), and his father's insurer, Shelter Mutual Insurance Company ("Shelter") as a result of a fall Randy suffered on September 19, 2002, at 112 Springhill Road, Swartz, Louisiana, property owned by J.A. The petition alleges that Randy fell while exiting an inoperable motor home that J.A. had parked on the *290 property. Randy fell when he stepped out of the motor home onto a wooden block which his father had placed outside the door for use as a makeshift step. The block allegedly rolled when Randy stepped onto it, causing him to fall to the ground. The petition asserts fault and negligence on the part of J.A. for failure to secure the step, failure to warn of the dangerous condition, failure to provide a hand rail and failure to provide adequate lighting.
J.A. and Shelter filed an answer generally denying Randy's allegations, asserting Randy's failure to exercise reasonable care as the sole cause of his injuries and, alternatively, asserting the affirmative defense of comparative fault. In August 2005, J.A and Shelter filed a motion for summary judgment in which they relied solely on Randy's deposition testimony. In his deposition, Randy indicated that the non-operational motor home was purchased by J.A. who intended to renovate it and then lease it. To this end, he hired his son Randy to perform some of the repairs on the interior of the vehicle. To gain access to the motor home, Randy stepped on a wooden block which his father had placed in front of the door. The block was about 7 to 8 inches high and the top of it was about 12 inches below the floor of the motor home. Randy testified he had used it to either exit or enter the motor home anywhere between 60 and 80 different times before the accident.
On the evening of September 19, 2002, Randy went to exit the motor home. He opened the door and noticed that it had just begun to sprinkle. It had gotten dark outside and Randy strained to see the wooden block, but proceeded to step down onto the block with his left foot. He asserted that he stepped on the middle of the block as "best [he] could see." When he placed his weight on the block, the block rolled to Randy's left causing him to fall to the ground. As a result of the fall, he shattered his ankle and hurt his back. Despite the rain, Randy denied that the wooden block was slick. He stated that, because he knew the wooden block "probably wasn't totally safe," he was always careful in using it. Defendants' argument for summary judgment centered on the fact that Randy was aware of the danger presented by the wooden block and failed to take the necessary precautions to avoid injury.
In opposition to the motion for summary judgment, Randy submitted his deposition testimony and the affidavit of Dennis R. Howard, a board certified safety professional. Mr. Howard's affidavit attests to his examination of the accident scene, the block of wood and the deposition account of how the accident occurred. From these, Mr. Howard determined that the distance between the ground and the floor of the motor home was too great to be safely accommodated by the wooden block which provided only a seven-inch step. Furthermore, Mr. Howard's affidavit indicates that the size and shape of the wooden block rendered it unsafe because it was narrower than the doorway it was intended to serve and its configuration caused it to roll or shift underfoot with off-center placement of the user's foot. The lighting in the area where the motor home was located was poor and would have made the visibility of the block and proper placement of one's foot upon it more difficult at dusk when the accident occurred. Lastly, Mr. Howard noted that the constant use and subtle irregularities in the ground where the block was located could have caused changes in the stability of the block. Given all of these factors, Mr. Howard concluded that J.A.'s use of the wooden block as a step for the motor home was negligent because it posed a high risk of fall and injury to the user.
*291 After hearing arguments, the trial court granted summary judgment in favor of Defendants, finding that the "defendant was in no better position to detect, evaluate, remove, replace or avoid the wooden block than the plaintiff." This appeal ensued.

DISCUSSION
In determining whether summary judgment is appropriate, appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is proper. Suire v. Lafayette City-Parish Consolidated Government, 04-1459 (La.4/12/05), 907 So.2d 37; Lambert v. State, 40,170 (La.App.2d Cir.9/30/05), 912 So.2d 426, writs denied, 05-2310, 2311 (La.4/17/06), 926 So.2d 509. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
The jurisprudence has recognized that a "genuine issue" is a "triable issue," an issue on which reasonable persons could disagree. Champagne v. Ward, 03-3211 (La.1/19/05), 893 So.2d 773; Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002. A fact is material for summary judgment purposes when its existence or nonexistence may be essential to claimant's cause of action under the applicable theory of recovery. La. C.C.P. art. 966; NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,555 (La. App.2d Cir.8/21/96), 679 So.2d 477. In other words, material facts are those which potentially insure or preclude recovery, affect a litigant's ultimate success or determine the outcome of the legal dispute. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730; Debrun v. Tumbleweeds Gymnastics, Inc., 39,499 (La.App.2d Cir.4/6/05), 900 So.2d 253.
Applied to the case sub judice, the movers, J.A. and Shelter, had the burden of proof. La. C.C.P. art. 966(C)(2). Since, however, J.A. and Shelter would not bear the burden of proof at trial, their burden did not require them to negate all essential elements of Randy's action, but, rather, to point out to the court that there is an absence of factual support for one or more elements essential to his action. Id. After meeting that burden of proof, the burden shifted to Randy to produce factual support sufficient to establish that he would be able to satisfy his evidentiary burden at trial. Id. If Randy failed to meet that burden, there would be no genuine issue of material fact, and J.A. and Shelton would be entitled to summary judgment. La. C.C.P. art. 966.
The statutory grounds for Randy's claim are La. C.C. articles 2317 and 2317.1, which provide that an individual is responsible for the damage caused by things in his custody and answerable for damage caused by their defect upon a showing that he knew or, in the exercise of reasonable care, should have known of the defect which caused the damage, that the damage could have been prevented by the use of reasonable care and that he failed to exercise such care. Thus, to recover for damages caused by a defective thing, the plaintiff must prove that the thing was in the defendant's custody, that the thing contained a defect which presented an unreasonable risk of harm to others, that this defective condition caused the damage and that the defendant knew or should have *292 known of the defect. Pamplin v. Bossier Parish Community College, 38,533 (La. App.2d Cir.7/14/04), 878 So.2d 889, writ denied, 04-2310 (La.1/14/05), 889 So.2d 266. Furthermore, in order to constitute a defect or unreasonable risk of harm, the defect must be of such a nature as to constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. Durmon v. Billings, 38,514 (La.App.2d Cir.5/12/04), 873 So.2d 872, writ denied, 04-1805 (La.10/29/04), 885 So.2d 588. The duty of a landowner is not to insure against the possibility of an accident on his premises, but, rather, to act reasonably in view of the probability of injury to others. Wiley v. Sanders, 34,923 (La.App.2d Cir.8/22/01), 796 So.2d 51, writ denied, 01-2661 (La.1/11/02), 807 So.2d 235.
Defendants' motion for summary judgment was based on the allegation that no genuine issue of material fact existed as to whether the use of the wooden block as a step to enter and exit the motor home presented an unreasonable risk of harm. Specifically, they argued that, because the danger posed by the block had been noticed by Randy, the accident would not have occurred had he been using ordinary care. They argue that Randy's knowledge of the instability is evidenced in his deposition wherein he admitted to being uncomfortable with the use of the block. Defendants further argued that Randy's repeated use of the block put him in a position to assess the instability of the block and to act accordingly.
While Defendants' argument that Randy's knowledge of the block's instability justifies an increased level of care which a prudent person should have used in exiting the motor home, we conclude that it does not immunize Defendants from any claims arising out of the use of the block. First, we note that there is no indication in the record that Randy failed to use the ordinary care that was required by the circumstances. In his deposition, Randy indicated that, while the block had never before shifted on him, he was always careful to place his foot on the center of the block. He testified that he had done so again at the time of the accident; but, regardless of this precaution, the block shifted under his foot. Furthermore, Randy denied being under the influence of either alcohol or drugs at the time of the accident. Secondly, nothing in the record indicates that Randy was aware of the additional danger posed by the lack of lighting. While he testified that he had entered and exited via the wooden block 60 to 80 times, he was not asked whether he had done so after dark.
Whether a defect presents an unreasonable risk of harm is a mixed question of fact and law that is peculiarly a question for the jury or trier of the facts. It entails innumerable considerations; and, because it requires a balancing of the risk and utility of the condition, it is not a simple rule of law which can be applied mechanically to the facts of any particular case. Reed v. Wal-Mart Stores, Inc., 97-1174 (La.3/4/98), 708 So.2d 362. It is "a matter wed to the facts" and must be determined in light of the facts and surrounding circumstances of each particular case. Dupree v. City of New Orleans, 99-3651 (La.8/31/00), 765 So.2d 1002.
Bearing these principles in mind, and the evidence submitted by the parties in connection with the motion for summary judgment, we conclude that the trial court erred in granting summary judgment. In opposing the motion for summary judgment, Randy presented sufficient evidence to create a genuine issue of material fact as to whether an unreasonable risk of harm was presented by the wooden block *293 for use as a step into the motor home under poor lighting conditions after dark. To the extent that the trial court determined that Randy did not exercise the care expected of a prudent person under these circumstances, that factual determination is more appropriately reserved for the trier of fact. While the evidence at a trial on the merits may support a conclusion that Randy did not exercise the ordinary care called for by the circumstances, genuine issues of material fact exist regarding this issue and, therefore, the motion should have been denied.

CONCLUSION
For the foregoing reasons, the summary judgment is reversed and the case is remanded for further proceedings. Costs of this appeal are assessed against Defendants-Appellees, J.A. Waller and Shelter Mutual Insurance Company.
REVERSED AND REMANDED.
BROWN, Chief Judge, concurs. Some unresolved issues are plaintiff's status as an employee or independent contractor and his responsibility to stabilize the block.