Judgment rendered April 10, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,607-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

JOSEPH THOMAS BARTUCCI, JR.  　　　　　Plaintiff-Appellee

versus

STEPHEN A. JEFFERSON, ESQ  　　　　　Defendant

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2018-1719

Honorable Robert C. Johnson, Judge

* * * * *

GORDON, ARATA, MONTGOMERY,  　　　Counsel for Appellant,
BARNETT, MCCOLLAM, DUPLANTIS  　　　Dana Tucker Jefferson
& EAGAN, LLC
By: Martin E. Landrieu
　　　Makala L. Graves

MIXON, CARROLL & FRAZIER, PLLC  　　　Counsel for Appellee
By: James L. Carroll

* * * * *

Before PITMAN, COX, and HUNTER, JJ.

**PITMAN, J**.

The Succession Representative of Defendant Stephen A. Jefferson[1] appeals the district court's granting of summary judgment in favor of Plaintiff-Appellee Joseph Thomas Bartucci, Jr. For the following reasons, we affirm the granting of the motion for summary judgment, vacate the award of damages and remand for further proceedings.

## FACTS

On May 16, 2018, Bartucci filed a petition and named Jefferson as the defendant. Bartucci stated that since 1994, Jefferson served as his exclusive legal counsel, and that in November 2009, he gave Jefferson a general power of attorney to act exclusively on his behalf in all of his business and personal activities. In his petition, Bartucci alleged seven acts of legal malpractice by Jefferson, including that Jefferson did not timely file lawsuits, kept settlement funds for his own use, misrepresented contracts, failed to file and finalize four divorces, prepared Bartucci's will and named himself as sole heir and destroyed Bartucci's medical documents and legal files. He argued that as a result of Jefferson's acts of malpractice, he sustained losses and damages and requested judgment in his favor for a sum sufficient to adequately compensate him.

On May 25, 2018, Jefferson filed an answer, denied the allegations and requested that Bartucci's demands be dismissed.

On May 28, 2020, Bartucci filed a motion for summary judgment. He argued that there is no genuine issue as to material fact relative to the

---

[1] Jefferson passed away on October 11, 2023. His estate filed a "motion to substitute for deceased party." This court granted the motion and substituted Dana Tucker Jefferson as the defendant-appellant in this appeal.

malpractice and, as such, judgment is appropriate in his favor and against Jefferson, granting his claims with prejudice at Jefferson's cost. He attached supporting documents, including his affidavit detailing the acts of malpractice; Jefferson's affidavit in which he admitted to the acts of malpractice; the power of attorney; Bartucci's last will and testament naming Jefferson as the sole heir and executor; an index of 214 checks written by Jefferson to Bartucci totaling $1,366,700; copies of these checks; promissory notes signed by Jefferson totaling $52,600; and the billing documents from Bartucci's new attorney for representation in this case. He requested damages in the amount of $1,470,073.25.

On September 22, 2020, Bartucci filed an additional affidavit detailing financial transactions between him and Jefferson and included supporting documents.

A hearing on the motion for summary judgment was held on September 23, 2020. Counsel for Bartucci noted that Jefferson had not filed an opposition and then moved that the court grant the motion for summary judgment as unopposed. Jefferson, in proper person, provided no response. There being no opposition filed to the motion for summary judgment, the district court found that based upon its review of the motion, the affidavits and other supporting documents, the law and the evidence that there is no genuine issue as to material fact and that Bartucci is entitled to judgment as a matter of law, and it granted the motion for summary judgment. Counsel for Bartucci requested judgment in the amount of $2 million to be cast against Jefferson, which the district court granted.

On October 1, 2020, the district court filed an order and decreed that Jefferson did commit legal malpractice, fraud and theft of client funds

2

causing damage to Bartucci. It ordered that Jefferson pay to Bartucci $2 million, with legal and judicial interest, and pay all court costs.

On October 12, 2020, Jefferson filed a motion for new trial. A hearing on the motion was held on December 5, 2022, and the district court denied the motion on March 8, 2023.

Jefferson appeals the October 1, 2020 judgment.[2]

## DISCUSSION

### Summary Judgment

Jefferson raises several assignments of error challenging the district court's granting of summary judgment. He contends that the district court committed reversible error by granting summary judgment on claims that were not pleaded in the petition. He also argues that the district court erred when it relied upon an untimely affidavit and supporting documents filed the day before the hearing.

A party may move for a summary judgment for all or part of the relief for which he has prayed. La. C.C.P. art. 966(A)(1). After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

A motion for summary judgment and all documents in support of the motion shall be filed and served on all parties not less than 65 days prior to the trial. La. C.C.P. art. 966(B)(1).

---

[2] Following the death of Jefferson, Bartucci filed a motion to dismiss the appeal, which this court denied. Bartucci did not file an appellee brief.

The burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.*

A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time. La. C.C.P. art. 966(F).

When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of his pleading, but his response must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967(B). If he does not so respond, summary judgment, if appropriate, shall be rendered against him. *Id.* The failure to file an opposition does not automatically require that the motion for summary judgment be granted, as the initial burden of proof is on the mover. *Auricchio v. Harriston*, 20-01167 (La. 10/10/21), 332 So. 3d 660.

The trial court must first determine whether the supporting documents presented by the mover are sufficient to resolve all material fact issues. *Debrun v. Tumbleweeds Gymnastics, Inc.*, 39,499 (La. App. 2 Cir. 4/6/05), 900 So. 2d 253. If not, summary judgment must be denied in favor of a trial on the merits. *Id.* A fact is material when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. *Peironnet v. Matador Res. Co.*, 12-2292 (La. 6/28/13), 144 So. 3d 791. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success or determines the outcome of the legal dispute. *Hines v. Garrett*, 04-0806 (La. 6/25/04), 876 So. 2d 764. A genuine issue is one as to which reasonable persons could disagree. *Id.* If reasonable

4

persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. *Id.*

Appellate courts review motions for summary judgment de novo, using the same criteria that govern the district court's determination of whether summary judgment is appropriate. *Noland v. Lenard*, 55,342 (La. App. 2 Cir. 11/15/23), 374 So. 3d 1133, *writ denied*, 23-01670 (La. 2/14/24), ___ So. 3d ___.

To establish a claim for legal malpractice, a plaintiff must prove: 1) the existence of an attorney–client relationship; 2) negligent representation by the attorney; and 3) loss caused by that negligence. *Costello v. Hardy*, 03-1146 (La. 1/21/04), 864 So. 2d 129.

Our de novo review determines that Bartucci met his burden of proof through his motion for summary judgment, memorandum and supporting documents to show that there is no genuine issue as to material fact and that he is entitled to judgment as a matter of law. In his petition and his memorandum in support of his motion for summary judgment, Bartucci specified seven acts of legal malpractice by Jefferson. Through the documents supporting his motion for summary judgment, Jefferson proved that there is no genuine issue as to material fact regarding any of the elements of a legal malpractice action. In his affidavit, Bartucci stated that the attorney–client relationship between him and Jefferson lasted from 1991 until 2017. He also detailed the negligent representation by Jefferson and losses caused by his negligence.[3] Bartucci also provided the affidavit of

---

[3] In his affidavit, Bartucci stated:

6. While representing Affiant, Stephen Jefferson accepted four (4) retainers for divorces, never filed any of the divorce petitions, did not

Jefferson who stated that he was employed as Bartucci's attorney at all times relevant to the issues in this case and admitted to the acts of legal malpractice and the losses caused by it.[4]

---

obtain the divorces, and allowed Affiant to remarry three (3) [times] while legally still married to his first wife.

7. Stephen Jefferson comingled in excess of $1.5 million of Affiant's monies with his (Jefferson's) personal funds and business funds.

8. Affiant was injured in a motor vehicle accident in Rapides Parish on January 27, 2016. Jefferson failed to file[] the Petition for Damages timely, causing Affiant to lose the ability and right to file a lawsuit for damages against the driver of the other vehicle.

9. Stephen Jefferson while in possession of Affiant's personal medical records for the purposes of safekeeping, willfully and knowingly destroyed said medical records.

10. Stephen Jefferson, in an attempt to "make things right", has written hundreds of checks to Affiant, from December 2016 to as recent as December 2019 for a total amount of $1,368,200.00.

11. Stephen Jefferson has signed three (3) promissory notes, dated March 18, 2020, totaling $52,600.00.

12. Stephen Jefferson has further signed an Agreement dated September 20, 2019, assigning his portion of any monies recovered from three (3) personal injuries files in his office, value of said cases, unknown.

13. Stephen Jefferson prepared Affiant's Last Will and Testament, naming himself the sole beneficiary and executor of his estate.

[4] In his affidavit, Jefferson stated:

a. Alexandria lawsuit and I failed to timely file a petition to toll the prescriptive period. As such, Mr. Bartucci is unable to proceed on his matter.

b. I handled a lawsuit or threat of a lawsuit against the Horseshoe Casino in which I negotiated a settlement and kept the funds without disbursing to Mr. Bartucci.

c. I failed to file a divorce for Mr. Bartucci and told him that I did. He married a second time and I also told him that I filed and obtained a divorce on this marriage which in fact I did not do.

d. Mr. Bartucci suffers from physical disabilities (brain damage, seizures, strokes, heart issues and he is blind). He hired me as his attorney to handle the investments and distributions of his family trust to distribute funds for his living expenses. While performing these duties, I co-mingled $1,187,000.00 of these funds with my personal and firm accounts and these funds are now unaccounted for.

e. I filed suit on behalf of Mr. Bartucci against Mrs. Lynn Stanford and collected the money from the suit and co-mingled these funds with my firm account so that the funds are not unaccounted for[.]

f. I destroyed or allowed to be destroyed Mr. Bartucci's medical records.

g. I represented to Mr. Bartucci that I had legal expertise in the entertainment [field] and attempted to negotiate a film deal when in fact I have no such experience. I never did any of the things that Mr. Bartucci hired me to do as to his attorney although I told him I did.

h. I settled a personal injury suit on behalf of Mr. Bartucci and intermingled these funds with my firm accounts and these funds can no longer be accounted for.

Jefferson did not attempt to produce factual support sufficient to establish the existence of a genuine issue as to material fact or that Bartucci was not entitled to judgment as a matter of law.  He failed to file an opposition to the motion for summary judgment or to provide an argument against it at the hearing on the motion.

Through the affidavits of the parties, it is clear that no genuine issue as to material fact exists as to the legal malpractice claims and that Bartucci is entitled to judgment as a matter of law.

Accordingly, these assignments of error lack merit.

*General Damages*

Jefferson argues that the district court erred when it awarded summary judgment based upon allegations of general damages alone, without credible evidence sufficient to support a specific and definitive damages award.  He contends that damages are subjective and do not lend themselves to exact and consistent amounts, thereby raising genuine issues as to material fact.

Our de novo review determines that genuine issues exist as to the amount of damages to be awarded in this case.  Although there is no genuine issue of material fact that Jefferson's legal malpractice caused losses to Bartucci, the amount of damages owed to Bartucci cannot be ascertained from the supporting documents to his motion for summary judgment.

Accordingly, this assignment of error has merit.  We remand this case to the district court for consideration of the amount of damages suffered by Bartucci as a result of Jefferson's malpractice.

---

l. I prepared a Will for Mr. Bartucci that states that I am his sole beneficiary and executor of his estate.

7

**CONCLUSION**

For the foregoing reasons, we affirm the district court's granting of summary judgment in favor of Plaintiff-Appellee Joseph Thomas Bartucci, Jr., vacate the award of damages and remand for further proceedings. Costs of this appeal are assessed to the Succession Representative of Defendant Stephen A. Jefferson.

**AFFIRMED IN PART; AWARD OF DAMAGES VACATED; REMANDED FOR FURTHER PROCEEDINGS.**