STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 10-680


DONALD JOE MAXWELL

VERSUS

DANIEL ("DANNY") CAYSE


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 19524
HONORABLE WARREN DANIEL WILLETT, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**BILLY HOWARD EZELL**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Billy Howard Ezell, Judges.


**AFFIRMED.**


**David Payne Spence**
**P. O. Drawer 12365**
**Alexandria, LA 71315-2365**
**(318) 487-4300**
**Counsel for Defendant/Appellant:**
**Daniel ("Danny") Cayse**

**James Francis Slaughter**
**403 Second Street**
**Colfax, LA 71417**
**(318) 627-5999**
**Counsel for Plaintiff/Appellee:**
**Donald Joe Maxwell**

**EZELL, JUDGE.**

Daniel Cayse appeals a judgment of the trial court ruling that Donald Maxwell was not liable for the costs of removing and replacing cabinets Mr. Maxwell partially installed in Mr. Cayse's home. For the following reasons, we hereby affirm the decision of the trial court.

Mr. Cayse and his longtime girlfriend, Tina Foster, began construction of a home in early 2008. Mr. Maxwell was hired to construct cabinets for the home. A price of $8,800 was agreed upon, with $4,400 advanced at the time of the agreement.[1] As the fabrication of the cabinets progressed, an additional $2,000 was forwarded for door fronts that needed to be fabricated outside of Mr. Maxwell's shop. Mr. Maxwell's crew installed all the bathroom vanities and all kitchen cabinets but one, when they were forced to postpone installation due to an alleged change in size of a hood vent. Mr. Maxwell also built, but did not fully install, a kitchen island. Mr. Cayse became frustrated that the cabinets were not completely built to specifications or installed quickly enough and confronted Mr. Maxwell. After Mr. Maxwell did not respond, in what Mr. Cayse felt was a timely manner, he terminated Mr. Maxwell. Mr. Cayse hired other workers to install the remaining cabinet, island, and to hang the doors and drawer fronts. Despite his concerns about the cabinets specs, Mr. Cayse proceeded to have the countertops installed on the cabinets, painted them, and began to use them.

Mr. Maxwell filed the current suit, seeking payment for the entire contract. Mr. Cayse reconvened, seeking damages for the allegedly defective work and for the removal and replacement of the cabinets. After trial on the matter, the trial court

---

[1] Throughout the record and briefs, various amounts are listed as the final price, varying from $8,400 to $8,600, to the above $8,800. However, as all parties stated that half the total cost was paid up front and a check for $4,400 was shown in the record, we will use the highest number throughout our opinion.

1

found that there were defects in the workmanship performed by Mr. Maxwell, notably a lack of symmetry, inferior materials, and improper installation. However, the trial court found that Mr. Cayse had accepted the work, failed to mitigate any damages by proceeding with the countertop installation, and did not allow Mr. Maxwell a reasonable time to repair the noted defects. The trial court ruled that the cabinets did not require demolition, noting that the cabinets were presently being used by Mr. Cayse. Ultimately, the trial court dismissed Mr. Maxwell's claims against Mr. Cayse and rendered judgment in favor of Mr. Cayse in the amount of $1,956 for the removal and replacement of the irreparable bathroom vanities which were built too short to be usable. From that decision, Mr. Cayse appeals.

On appeal, Mr. Cayse asserts five assignments of error. He claims that the trial court erred in failing to award him sums paid for defective work; in failing to award him sums to complete the work left unfinished when he fired Mr. Maxwell; in failing to award him the cost of removing and replacing the cabinets; in failing to award him general damages; and in failing to award him attorney fees.

On review, an appellate court may not set aside the findings of fact by the trial court unless those findings are clearly wrong or manifestly erroneous. *Stobart v. State through Dep't. of Transp. & Dev.*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). An appellate court must not base its determination on whether it considers the trier of fact's conclusion to be right or wrong, but on whether the fact finder's conclusion was reasonable. *Stobart*, 617 So.2d 880.

Louisiana Civil Code Article 2769 governs a contractor's liability for non-compliance with a contract and states:

> If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract.

2

According to La.Civ.Code art. 2769 and cases interpreting it, the proper measure of damages caused by a breach of a contract to build is what it will take to place the entity who contracted for the work in the position it deserved to be in when the project was completed. *Austin Homes, Inc. v. Thibodeaux*, 01-1282, 01-1283 (La.App. 3 Cir. 5/8/02), 821 So.2d 10, *writ denied*, 02-2324 (La. 11/15/02), 829 So.2d 436. To establish a contractor's liability for damages due to defective workmanship, the owner must prove: (1) the existence and nature of the defects; (2) that the defects are due to faulty materials or workmanship; and (3) the cost of repairing the defects. *Regions Bank v. Ark-La-Tex Water Gardens, L.L.C.*, 43,604 (La.App. 2 Cir. 11/5/08), 997 So.2d 734, *writ denied*, 09-16 (La. 3/13/09), 5 So.3d 119.

The owner has the burden of proving each element of his claim by a preponderance of the evidence. *Id.* If the owner meets the burden of proof, the owner is entitled to the cost of repairs necessary to convert an unsound structure to a sound one, or the amount paid to remedy any defect. *Nicholson & Loup, Inc. v. Carl E. Woodward, Inc.*, 596 So.2d 374 (La.App. 4 Cir.), *writs denied*, 605 So.2d 1098 (La. 1992) (citing *Manzanares v. Am. Int'l Forest Prods., Inc.*, 389 So.2d 1142 (La.App. 3 Cir.), *writ denied*, 395 So.2d 811 (La. 1980)). The remedy is to reduce the contract price in an amount necessary to complete the work or to correct the defective work according to the terms of the contract. *Lewis v. La Adrienne, Inc.*, 44,602 (La.App. 2 Cir. 8/19/09), 17 So.3d 1007.

Mr. Cayse first claims that he should be able to recover amounts paid to Mr. Maxwell for allegedly defective work. Louisiana Civil Code Article 2765 provides: "The proprietor has a right to cancel at pleasure the bargain he has made, even in case the work has already been commenced, by paying the undertaker for the expense and

3

labor already incurred, and such damages as the nature of the case may require." It is clear that under this article, Mr. Cayse was well within his rights to terminate Mr. Maxwell and that he would still owe him for the work performed. Moreover, "[u]nder Louisiana law, a building contractor is entitled to recover the contract price even though defects and omissions are present when he has substantially performed the building contract." *Mount Mariah Baptist Church, Inc. v. Pannell's Associated Elec., Inc.*, 36,361, p.12 (La.App. 2 Cir. 12/20/02), 835 So.2d 880, 888, *writ denied*, 03-555 (La. 5/2/03), 842 So.2d 1101. "'Substantial performance' means that the construction is fit for the purposes intended despite the deficiencies; this is a question of fact for the trial judge." *Id.* (*citing Mayeaux v. McInnis*, 00-1540 (La.App. 1 Cir. 9/28/01), 809 So.2d 310, *writ denied,* 01-3286 (La. 3/8/02), 810 So.2d 1164).

Mr. Maxwell had completed most of the work building and installing the cabinets when he was fired by Mr. Cayse, even if obvious cosmetic defects were present in the work done. Moreover, Mr. Maxwell testified that there are usually "punch list" items to be fixed on a job, and that if he had been given the opportunity to correct the flaws in his work, he would have. However, he was not allowed this opportunity by Mr. Cayse. The trial court found that the cabinets were fit for their intended use, despite their defects, based on the fact that Mr. Cayse is currently using them, the extent to which was documented by his own photographs. Accordingly, despite the faults in the cabinets, there is no justification for giving Mr. Cayse his cabinets for free. *See Rice v. Mesa Gen. Contractor L.L.C.*, 08-115 (La.App. 5 Cir. 5/27/08), 986 So.2d 122. We can find no manifest error in the trial court's finding that Mr. Maxwell is not required to return amounts he received for the work performed before his firing by Mr. Cayse.

4

Mr. Cayse next argues that the trial court erred in failing to award him the costs to complete the work left unfinished by Mr. Maxwell. "Where the owner presents evidence of the cost of completion of the work or correction of the defective work, the contract price may be reduced by that amount." *Mount Mariah*, 835 So.2d at 888. Mr. Cayse and Mr. Maxwell agreed upon a total price of $8,800 for the building and installation of the bathroom and kitchen cabinets. Mr. Maxwell was paid $4,400 up front and advanced $2,000 at a later time for a total of $6,400. After firing Mr. Maxwell, Mr. Cayse incurred costs of $900 to finish the kitchen cabinets. Reducing the contract price by the $900 paid to complete the work would place Mr. Cayse paying $7,300 for the building and installation of the cabinets, which is less than the agreed-upon price. We can find no error in the trial court preventing Mr. Cayse from reaping a windfall from his termination of Mr. Maxwell.

Mr. Cayse next claims that the trial court erred in failing to award him the cost of removing and replacing the cabinets. We disagree. Of all Mr. Cayse's experts to testify, Jason Belgard was the closest to actually saying the cabinets could not be saved. He stated that a simple box of plates would pull the cabinets from the wall. However, Mr. Cayse's own photographs show the cabinets loaded with dishes and serving ware, fully in-tact on the wall. When asked if the cabinets could be salvaged, Mr. Belgard's response was simply, "I doubt it." He then went on to name ways in which the cabinets could possibly be repaired. The remainder of Mr. Cayse's witnesses and experts testified only that the work Mr. Maxwell performed was not to his usual degree of quality, or that the work was not up to their own high standards. Ultimately, the trial court determined that Mr. Cayse did not prove that the cabinets were so defective that they should be demolished. We can find no manifest error in this ruling.

Mr. Cayse asserts as his fourth assignment of error that the trial court erred in failing to award general damages. However, because Mr. Cayse failed to address this assignment of error in brief, we considered it abandoned. Uniform Rules-Courts of Appeal, Rule 2-12.4.

In his final assignment of error, Mr. Cayse claims that he is due attorney fees under La.Civ.Code art. 2520, et seq. While the cursory, blanket assertion set forth by Mr. Cayse in brief, unsupported by any legal argument, falls incredibly close to abandoning this assignment of error as well, it is asserted in brief, however fleetingly. Accordingly, we will address it out of an abundance of caution. Even assuming, for the sake of argument, that Mr. Maxwell was a manufacturer and could be liable under redhibition, the cabinets were not useless, as Mr. Cayse was using them as intended at the time of trial. Mr. Maxwell would owe no warranty for defects that were either known to the buyer at the time of the sale, or discoverable by a reasonably prudent buyer. La. Civ. Code art. 2521. The flaws Mr. Cayse complains of are obvious and should and could have been noted almost immediately. Moreover, under La.Civ.Code art. 2522, the buyer must give the seller notice of the existence of a redhibitory defect in the thing sold. That notice must be sufficiently timely as to allow the seller the opportunity to make the required repairs. *Id*. As noted above, Mr. Cayse gave Mr. Maxwell no opportunity whatsoever to repair the defects in the cabinets. The trial court committed no error in failing to award Mr. Cayse attorney fees in this case. This assignment of error is devoid of merit.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against Mr. Cayse.

**AFFIRMED.**

6