STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1537


LYNTON O. HESTER, IV

VERSUS

BURNS BUILDERS, ET AL.


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 230,061
HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, Billy Howard Ezell, J. David Painter, and Phyllis M. Keaty, Judges.


Amy, J., dissents and assigns written reasons.

REVERSED AND REMANDED.

Lauren Gay Coleman
Attorney at Law
910 Foisy Avenue
Alexandria, Louisiana   71301
(318) 449-9857
Counsel for Plaintiff/Appellant:
        Lynton O. Hester, IV

Wade T. Visconte
All American Law Firm of Louisiana, LLC
1500 North Market Street, Suite C-106
Shreveport, Louisiana   71107
(318) 918-1245
Counsel for Defendant/Appellee:
        Malcolm Burns d/b/a Burns Builders

**Karl H. Schmid**
**Sidney W. Degan, III**
**Degan, Blanchard & Nash**
**400 Poydras Street, Suite 2600**
**New Orleans, Louisiana  70130**
**(504) 529-3333**
**Counsel for Defendant/Appellee:**
    **Gemini Insurance Company**

**David Moragas**
**Richard E. King**
**Galloway, Johnson, Tompkins, Burr & Smith**
**701 Poydras Street, Suite 4040**
**New Orleans, Louisiana  70139**
**(504) 525-6802**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Zurich North America**

**KEATY, Judge.**

The parties entered into a contract for the construction of a new home. Contending that the quality of the defendant's work was sub-par, the plaintiff refused to issue a scheduled progress payment. The defendant allegedly did not fix the defective construction. The plaintiff filed suit after the parties failed to resolve their dispute, seeking damages for the alleged shoddy construction among other remedies. The defendant filed a reconventional demand, seeking payment of sums he alleged were due under the contract and subsequently filed a motion for summary judgment, seeking dismissal of the plaintiff's claims and judgment in his favor on the reconventional demand. The trial court granted the defendant's motion for summary judgment, and the plaintiff now appeals. For the following reasons, we reverse the trial court's grant of summary judgment and remand the matter for further proceedings consistent with this opinion.

## Factual and Procedural Background

According to the record, in December of 2005, the plaintiff, Lynton O. Hester, IV (Hester), entered into a contract with the defendant, Malcolm L. Burns d/b/a Burns Builders (Burns), for the construction of a new home in Rapides Parish. The contract price was initially $303,287.00. However, an addendum signed in January of 2006 increased the contract price to $322,287.00. The financing of the home was closed in March 2006, and construction began shortly thereafter. The contract between the parties called for progress payments (or draws) to be made when the construction reached various stages of completion and conditioned payment upon "substantial completion" of those phases. On March 16, 2006, the first payment was made by Hester in the amount of $18,447.46. The second payment in the amount of $96,686.10 was made on April 20, 2006, and the third payment in the amount of $88,000.00 was made on June 22, 2006. Thereafter,

issues arose between Hester and Burns concerning the workmanship of the trim portion of the construction. Burns contends that when the trim stage was completed, Hester refused to tender the progress payment for that stage of construction. Hester contends that because there were issues with the workmanship, he hired an expert, Philip Beard (Beard), to conduct an inspection of the residence and, based on Beard's report, refused to authorize further payment to Burns. Burns refused to do any further work. According to the briefs, the parties were unable to reach any agreement concerning correction of the alleged defects.

Hester then filed the instant suit alleging breach of contract, defects in construction, and general damages for cost and injuries that resulted from delay in completion of the home. Burns filed an answer and reconventional demand, seeking sums that he alleged were due under the terms of the contract. Hester filed an answer to the reconventional demand, denying that additional sums were due. Burns filed a motion for summary judgment, alleging he was entitled to judgment dismissing Hester's claims and granting Burns' relief as a matter of law because there was no genuine issue of material fact. After a hearing, the trial court granted judgment in favor of Burns on his reconventional demand in the amount of $96,686.10 with eighteen percent judicial interest, pursuant to the terms of the contract. It dismissed Hester's claims against Burns. Hester appeals, asserting that:

1. The trial court erred in granting Summary Judgment in favor of Burns Builders and dismissing the claims of the Appellant for breach of contract.

2. The trial court erred in granting Judgment in favor of Burns Builders and awarding him $96,686.10 representing sums it determined to be due under the contract.

**Discussion**

In *Wright v. Louisiana Power & Light*, 06-1181, p. 16 (La. 3/9/07), 951 So.2d 1058, 1069 (quoting *Babin v. Winn-Dixie Louisiana, Inc.*, 00-78 (La. 6/30/00), 764 So.3d 37), the supreme court discussed the standard for granting a motion for summary judgment, stating:

> A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.C.C.P. art. 966(B).

Appellate courts review summary judgments de novo. *Supreme Servs. & Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827 (La. 5/22/07), 958 So.2d 634. In that review, we must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

Hester's assignments of error address the trial court's grant of summary judgment. Hester contends that his expert's report on construction defects creates genuine issues of material fact remaining that would defeat Burns' motion for summary judgment. We agree.

The parties entered into a written contract to build before construction began. Generally, a contract has the effect of law between the parties. *Paddison Builders, Inc. v. Turncliff*, 95-1753 (La.App. 1 Cir. 4/4/96), 672 So.2d 1133, *writ denied*, 96-1675 (La. 10/4/96), 679 So.2d 1386. When a contract is clear, unambiguous, and does not lead to absurd consequences, the court should not infer beyond the written agreement to gather the parties' true intentions. *Lyons v. Coleman*, 31,866 (La.App. 2 Cir. 5/5/99), 743 So.2d 213. In the contract to build between Hester and Burns, paragraph five allows the plaintiff to withhold funds if

the work performed by the builder is defective and not remedied. Paragraph ten requires the builder to fix any and all defects. Hester's expert signed an affidavit outlining numerous construction defects. Burns did not submit evidence showing that he fixed the defects. Pursuant to the contract, only when the alleged defects are fixed does plaintiff have a duty to pay the builder.

Burns filed a reconventional demand asserting that payment was owed pursuant to the contract. In order for Burns to succeed on his claim, he would have to prove that payment was owed. Under paragraphs five and ten, Hester had the right to withhold payment if he believed the construction was defective. Whether there were defects is a question of fact for the trial court to determine. The scope of damages is another determination for the fact finder. If there were no defects, Burns would be entitled to payment. Hester's assertion that there were damages presents a question of material fact that should have been addressed by the trial court. Accordingly, summary judgment was inappropriate.

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to defendant/appellee, Malcolm Burns d/b/a Burns Builders.

**REVERSED AND REMANDED.**

4

NUMBER 11-1537

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

LYNTON O. HESTER, IV

VERSUS

BURNS BUILDERS, ET AL.

AMY, J., dissenting.

I respectfully dissent from the majority's opinion in this case, as I would affirm the trial court's grant of summary judgment.

Louisiana Code of Civil Procedure Article 966(C)(2) addresses the burden of proof in a motion for summary judgment. Per Article 966(C)(2), "[t]he burden of proof remains with the movant." However, if the movant is not the party who will bear the burden of proof at trial, the movant must only "point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim . . . . Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." *Id. See Wright v. La. Power & Light*, 06-1181 (La. 3/9/07), 951 So.2d 1058.

Hester's suit alleged both breach of contract and defective workmanship claims. In order to succeed on these claims, Hester had to prove his damages. *See, e.g., Maxwell v. Cayse*, 10-680, p. 3 (La.App. 3 Cir. 12/8/10), 54 So.3d 118, 121 (Stating, in a breach of contract case, "[t]o establish a contractor's liability for damages due to defective workmanship, the owner must prove: (1) the existence and nature of the defects; (2) that the defects are due to faulty materials or workmanship; and (3) the cost of repairing the defects.").

The record indicates that Hester submitted evidence that creates a genuine issue of material fact with regard to the existence of construction defects.

Specifically, Hester submitted an expert's report that indicates that are several architectural and structural defects, including garage settlement, problems with several windows and a handrail, and walls that are not straight. Burns did not submit any evidence that would contradict the expert's conclusions that architectural and structural defects existed. Further, the record indicates that Burns replaced some of the drywall that Hester considered defective, indicating that Burns attempted to remedy at least some of the alleged defects.

However, the record reveals that Hester did not submit any evidence establishing the cost of completion or correction of the alleged defects. After Burns pointed out the lack of factual support for that element, the burden of proof then shifted to Hester to show that he would be able to meet his burden at trial. In my view, the record indicates that he failed to do so. Of particular note, Hester admitted that he had not contacted any other contractors about repairing the alleged construction defects and/or completing the project, nor had he obtained any bids or estimates concerning the cost of repair or completion. Further, in addition to damages, Hester requested specific performance. However, the record indicates that the property was sold at foreclosure, thus, at a minimum, abrogating the possibility of specific performance in this case.

Further, I find no error with regard to the trial court's grant of summary judgment on Burns' reconventional demand for the payments due under the contract. In my view, Hester failed to rebut Burns' evidence showing that the "trim" stage of construction was complete and that, therefore, Burns was entitled to the third draw payment. My review of the record reveals that Burns submitted evidence indicating that the "trim" stage of construction was complete, including documents and a deposition from Hester's bank to that effect.

Hester contends that Burns had been slightly overpaid, and that, therefore, Burns was not entitled to any additional payments. In support of that contention,

2

Hester submitted evidence indicating that construction was 72% complete and that Burns had been paid slightly more than 72% of the contract price. However, the contract specifies that "[p]rogress payments will be made in the following amounts on the following Completions schedule." The "Completions schedule" lists four "completed tasks," including "Completion of Trim," and an "Amount to be Paid" upon completion of the associated stage. Thus, pursuant to the contract, Burns' payments are not pegged to the percentage of construction completed, but are tied to the completion of discrete stages under the contract.

Accordingly, in my view, Burns demonstrated his entitlement to summary judgment dismissing Hester's claims and awarding him the third draw payment due under the contract. *See Wright*, 951 So.2d 1058.

For these reasons, I dissent.