AMY, J.,
dissenting.
|tI respectfully dissent from the majority’s opinion in this case, as I would affirm the trial court’s grant of summary judgment.
Louisiana Code of Civil Procedure Article 966(C)(2) addresses the burden of proof in a motion for summary judgment. Per Article 966(C)(2), “[t]he burden of proof remains with the movant.” However, if the movant is not the party who will bear the burden of proof at trial, the movant must only “point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim.... Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” Id. See Wright v. La. Power & Light, 06-1181 (La.3/9/07), 951 So.2d 1058.
Hester’s suit alleged both breach of contract and defective workmanship claims. In order to succeed on these claims, Hester had to prove his damages. See, e.g., Maxwell v. Cayse, 10-680, p. 3 (La.App. 3 Cir. 12/8/10), 54 So.3d 118, 121 (Stating, in a breach of contract case, “[t]o establish a contractor’s liability for damages due to defective workmanship, the owner must prove: (1) the existence and nature of the defects; (2) that the defects are due to faulty materials or workmanship; and (3) the cost of repairing the defects.”).
The record indicates that Hester submitted evidence that creates a genuine issue of material fact with regard to the existence of construction defects. | gSpecifically, Hester submitted an expert’s report that indicates that are several architectural and structural defects, including garage settlement, problems with several windows and a handrail, and walls that are not straight. Burns did not submit any evidence that would contradict the expert’s conclusions that architectural and structural defects existed. Further, the record indicates that Burns replaced some of the drywall that Hester considered defective, indicating that Burns attempted to remedy at least some of the alleged defects.
However, the record reveals that Hester did not submit any evidence establishing the cost of completion or correction of the alleged defects. After Burns pointed out the lack of factual support for that element, the burden of proof then shifted to Hester to show that he would be able to meet his burden at trial. In my view, the record indicates that he failed to do so. Of particular note, Hester admitted that he had not contacted any other contractors about repairing the alleged construction defects and/or completing the project, nor *645 had he obtained any bids or estimates concerning the cost of repair or completion. Further, in addition to damages, Hester requested specific performance. However, the record indicates that the property was sold at foreclosure, thus, at a minimum, abrogating the possibility of specific performance in this case.
Further, I find no error with regard to the trial court’s grant of summary judgment on Burns’ reconventional demand for the payments due under the contract. In my view, Hester failed to rebut Burns’ evidence showing that the “trim” stage of construction was complete and that, therefore, Burns was entitled to the third draw payment. My review of the record reveals that Burns submitted evidence indicating that the “trim” stage of construction was complete, including documents and a deposition from Hester’s bank to that effect.
Hester contends that Burns had been slightly overpaid, and that, therefore, Burns was not entitled to any additional payments. In support of that contention, |RHester submitted evidence indicating that construction was 72% complete and that Burns had been paid slightly more than 72% of the contract price. However, the contract specifies that “[pjrogress payments will be made in the following amounts on the following Completions schedule.” The “Completions schedule” lists four “completed tasks,” including “Completion.of Trim,” and an “Amount to be Paid” upon completion of the associated stage.' Thus, pursuant to the contract, Burns’ payments are not pegged to the percentage of construction completed, but are tied to the completion of discrete stages under the contract.
Accordingly, in my view, Burns demonstrated his entitlement to summary judgment dismissing Hester’s claims and awarding him the third draw payment due under the contract. See Wright, 951 So.2d 1058.
For these reasons, I dissent.