STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

LYNTON O. HESTER, IV

VERSUS

BURNS BUILDERS, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 230,061
HONORABLE THOMAS M. YEAGER, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and John E. Conery, Judges.

**AFFIRMED.**

**Cooks, J., concurs in the result.**

Lauren Gay Coleman
2011 MacArthur Drive
Alexandria, LA  71301
(318) 449-9857
COUNSEL FOR PLAINTIFF/APPELLANT:
    Lynton O. Hester, IV

Lynton O. Hester, IV
2517 Avenue B
Alexandria, LA  71301
(318) 442-5667
IN PROPER PERSON

**Wade T.Visconte**
**All American Law Firm of Louisiana, LLC**
**401 Edwards Street, #2100**
**Shreveport, LA   71101**
**(318) 918-1245**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Burns Builders**
**Malcolm L. Burns**

**Karl H. Schmid**
**Degan, Blanchard & Nash**
**400 Poydras Street, Suite 2600**
**New Orleans, LA   70130**
**(504) 529-3333**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Gemini Insurance Company**

**AMY, Judge.**

The parties entered into a contract for the construction of a house. Citing dissatisfaction with the quality of the work, the owner stopped making payments to the contractor and eventually filed suit, requesting specific performance and, in the alternative, damages. The contractor and the contractor's insurance company filed a motion for partial summary judgment, seeking dismissal of the owner's claims and dissolution of the contract as to any future performance owed. The trial court granted the motion for partial summary judgment, and the owner now appeals. For the following reasons, we affirm.

### Factual and Procedural Background

On December 29, 2005, Lynton O. Hester, IV, entered into a "Turnkey Contract" with Malcolm L. Burns d/b/a Burns Builders for the construction of a new home at a price of $303,287.00. By addendum, the parties amended the contract on January 11, 2006 to reflect a price of $322,287.00. In March 2006, financing of the home was closed, and construction began shortly thereafter. According to the contract, "progress payments" or "draws" would be made upon completion of certain tasks.[1] Mr. Hester made the first payment in the amount of $18,447.46 on March 16, 2006, and he made a second payment in the amount of $96,686.10 on April 20, 2006. On June 22, 2006, Mr. Hester made a third payment in the amount of $88,000.00.

---

[1] The addendum provides:

The incremented draws will change as follows:

| | |
|---|---|
| Complet[ion] of Slab | $96,686.10 |
| Construction Black In | $96,686.10 |
| Complettion [sic] of Trim | $96,686.10 |
| Completeton [sic] of Home | $32,228.70 |

However, issues subsequently arose between the parties concerning the trim stage of construction. Mr. Burns contended that Burns Builders had completed the trim phase of construction, and on May 10, 2007, Mr. Burns sent a letter to Mr. Hester demanding the payment due under the contract upon completion of the trim stage. In response, Mr. Hester refused to tender payment, citing dissatisfaction with the quality of the workmanship. The parties were unable to reach an agreement, and Mr. Hester ultimately filed a "Petition for Breach of Contract and Damages." In the petition, Mr. Hester asserted "that the work that has been performed is sub-standard" and alleged "defects" in various rooms of the house. Mr. Hester further alleged in the petition that he had to borrow money to finance the construction of the home; pay monthly interest on said loan; and rent an apartment to live in during the construction. He requested specific performance or, in the alternative, for judgment in an amount to compensate him for the damages incurred as a result of the alleged breach of contract.

Thereafter, Burns Builders and Mr. Burns d/b/a Burns Builders (hereafter collectively referred to as "Burns Builders") answered Mr. Hester's petition and filed a reconventional demand. In the reconventional demand, Burns Builders requested all sums owed under the contract, asserting that it had completed the trim work and that Mr. Hester had breached the contract by refusing to pay for the completion of the trim work and by continuing to claim that the work was defective. Burns Builders later filed a third party demand against Gemini Insurance Company (hereafter referred to as "Gemini"), Brown's Lumber & Supply, LLC, and A Plus Drywall.

On April 3, 2008, the subject property was foreclosed upon, and the property was subsequently purchased by William Barron at a sheriff's sale. Thereafter,

2

Burns Builders filed a motion for summary judgment, requesting dismissal of the plaintiff's claims; dissolution of the contract as to any future performance owed by Burns Builders; and an award of the contractual sum of $96,686.10 with interest from the date of demand. Mr. Hester filed an opposition to the motion for summary judgment, attaching an affidavit and report from his expert, Philip Beard. The affidavit stated that Mr. Beard is a registered professional engineer, licensed in the State of Louisiana. In the affidavit, Mr. Beard explained that he completed an inspection of the subject property and prepared a formal report based upon that inspection. In pertinent part, Mr. Beard's affidavit states: "In my opinion, the garage had the potential for future settlement caused by improperly compacted backfill. . . . Based on my inspection, there were numerous areas of construction and finish of the residence which did not meet the minimum standards or quality of workmanship as required by the contract."

Following a hearing, the trial court granted Burns Builders' motion for summary judgment. The "Partial Final Judgment" dissolved the contract as to future performance; granted Burns Builders' reconventional demand, ordering Mr. Hester to pay $96,686.10 plus annual interest to Burns Builders; and dismissed, with prejudice, Mr. Hester's claims for specific performance and damages. On appeal, that judgment was reversed as follows:

> Burns filed a reconventional demand asserting that payment was owed pursuant to the contract. In order for Burns to succeed on his claim, he would have to prove that payment was owed. Under paragraphs five and ten [of the contract], Hester had the right to withhold payment if he believed the construction was defective. Whether there were defects is a question of fact for the trial court to determine. The scope of damages is another determination for the fact finder. If there were no defects, Burns would be entitled to payment. Hester's assertion that there were damages presents a question of material fact that should have been addressed by the trial court. Accordingly, summary judgment was inappropriate.

3

*Hester v. Burns Builders*, 11-1537, p. 4 (La.App. 3 Cir. 6/6/12), 92 So.3d 641, 643-44, *writ denied*, 12-1576 (La. 10/12/12), 98 So.3d 875.

On December 1, 2016, Burns Builders and Gemini filed a motion for partial summary judgment, requesting that the trial court dismiss Mr. Hester's claims and dissolve the contract as to any future performance owed by Burns Builders. In a supporting memorandum, they argued that a contractor's liability for failure to properly perform a building contract is governed by La.Civ.Code art. 2769 and that, in interpreting La.Civ.Code art. 2769, the courts have held that the owner is entitled to a reduction in price by the amount necessary to perfect or complete the work. Burns Builders and Gemini asserted that Mr. Hester had not demonstrated that he incurred costs to correct the alleged defects. Further, they contended that Mr. Hester no longer had to ability to prove his "damages" because he could not obtain bids or authorize repairs after he lost ownership of the house when it was foreclosed upon and sold at a sheriff's sale. Mr. Hester did not file an opposition to the motion for summary judgment.

At a hearing on the motion for summary judgment, Mr. Hester moved for a continuance, which the trial court denied. On March 30, 2017, the trial court issued a "Partial Final Judgment," which granted the motion for summary judgment; dismissed Mr. Hester's claims; and reserved Burns Builders' reconventional demand and third party demand. Mr. Hester appeals the judgment, asserting the following assignment of error: "The trial court erred in granting Summary Judgment in favor of Burns Builders and dismissing the claims of the Appellant with prejudice[.]"[2]

---

[2] We note that a panel of this court issued a rule ordering the plaintiff-appellant, to show cause, by brief only, why the appeal should not be dismissed for having been taken from a partial

4

As discussed above, Mr. Hester asserts that the trial court erred in granting the motion for summary judgment and dismissing his claims with prejudice. In briefing to this court (exhibit citation omitted), he argues:

> [Mr.] Hester alleged several items of damages in his petition in addition to seeking specific performance. Further, he specifically testified in his deposition as to the additional expenses he incurred including paying interest on the construction loan; paying for dirt work; paying attorney's fees for the closing of the construction loan and paying for the lot where the house was being built[.]

Louisiana Code of Civil Procedure Article 966 is titled "Motion for summary judgment; procedure" and provides, in pertinent part:

> [A.] (3) After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to

---

final judgment that had not been designated as immediately appealable pursuant to La.Code Civ.P. art. 1915(B). In *Hester v. Burns Builders*, 17-824, pp. 4-5 (La.App. 3 Cir. 11/29/17) (unpublished opinion), a panel of this court recalled the rule and maintained the appeal, explaining:

> Following the reasoning and holding set forth by this court in *Weeks* [*v. SunStream, Inc.*, 09-706 (La.App. 3 Cir. 2/10/10)], 30 So.3d 1163, [*writ denied*, 10-0577 (La. 6/25/10), 38 So.2d 337,] we find that the judgment at issue in the instant case does not constitute a partial judgment under La.Code Civ.P. art. 1915(B). Rather, we find that the March 30, 2017 judgment, which dismisses Plaintiff's principal demand, falls under La.Code Civ.P. art. 1915(A)(1) and (3). Pursuant to 1915(A)(1) and (3), even if all of the claims in a case have not been adjudicated, a judgment is deemed final if it "[d]ismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors" or "[g]rants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E)." Louisiana Code of Civil Procedure Article 966(E), in pertinent part, provides that "[a] summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties." In the instant case, the March 30, 2017 judgment falls under La.Code Civ.P. art. 1915(A)(3) because it grants Defendant's motion for summary judgment and disposes of Plaintiff's principal demand in its entirety, rather than granting summary judgment as to particular issues as contemplated by La.Code Civ.P. art. 966. We find that the judgment also falls [sic] 1915(A)(1) because it dismisses Plaintiff from the lawsuit in his capacity as Plaintiff. This finding is not affected by the fact that the Plaintiff remains in the lawsuit in the capacity of the Defendant-in-Reconvention. *See Weeks*, 30 So.3d 1163.

material fact and that the mover is entitled to judgment as a matter of law.

. . . .

D. (1) The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

An appellate court reviews a trial court's grant of summary judgment under the *de novo* standard of review, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Supreme Servs. & Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827 (La. 5/22/07), 958 So.2d 634.

As discussed above, Mr. Hester's petition alleged both breach of contract and defective workmanship claims, requesting specific performance or, in the alternative, damages. Under La.Civ.Code art. 1986,[3] an obligee has a right to specific performance for breach of contract unless it is impossible; greatly disproportionate in cost to the actual damage caused; no longer in the obligee's interest; or of substantial negative effect upon third parties. *Whitbeck v. Champagne*, 14-245 (La.App. 3 Cir. 10/1/14), 149 So.3d 372. As previously discussed, the record indicates that the property at issue herein was foreclosed

---

[3] Louisiana Civil Code Article 1986 is titled "Right of the obligee" and provides:

Upon an obligor's failure to perform an obligation to deliver a thing, or not to do an act, or to execute an instrument, the court shall grant specific performance plus damages for delay if the obligee so demands. If specific performance is impracticable, the court may allow damages to the obligee.

Upon a failure to perform an obligation that has another object, such as an obligation to do, the granting of specific performance is at the discretion of the court.

upon and sold at a sheriff's sale, thus precluding the possibility of specific performance in this case.

Regarding Mr. Hester's request for damages, La.Civ.Code art. 2769 governs a contractor's liability for non-compliance with a contract and states:

> If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract.

In discussing La.Civ.Code art. 2769, a panel of this court has explained:

> According to La.Civ.Code art. 2769 and cases interpreting it, the proper measure of damages caused by a breach of a contract to build is what it will take to place the entity who contracted for the work in the position it deserved to be in when the project was completed. *Austin Homes, Inc. v. Thibodeaux*, 01–1282, 01–1283 (La.App. 3 Cir. 5/8/02), 821 So.2d 10, *writ denied*, 02–2324 (La.11/15/02), 829 So.2d 436. To establish a contractor's liability for damages due to defective workmanship, the owner must prove: (1) the existence and nature of the defects; (2) that the defects are due to faulty materials or workmanship; and (3) the cost of repairing the defects. *Regions Bank v. Ark–La–Tex Water Gardens, L.L.C.*, 43,604 (La.App. 2 Cir. 11/5/08), 997 So.2d 734, *writ denied*, 09–16 (La.3/13/09), 5 So.3d 119.

> The owner has the burden of proving each element of his claim by a preponderance of the evidence. *Id.* If the owner meets the burden of proof, the owner is entitled to the cost of repairs necessary to convert an unsound structure to a sound one, or the amount paid to remedy any defect. *Nicholson & Loup, Inc. v. Carl E. Woodward, Inc.*, 596 So.2d 374 (La.App. 4 Cir.), *writs denied*, 605 So.2d 1098 (La.1992) (citing *Manzanares v. Am. Int'l Forest Prods., Inc.*, 389 So.2d 1142 (La.App. 3 Cir.), *writ denied*, 395 So.2d 811 (La.1980)). The remedy is to reduce the contract price in an amount necessary to complete the work or to correct the defective work according to the terms of the contract. *Lewis v. La Adrienne, Inc.*, 44,602 (La.App. 2 Cir. 8/19/09), 17 So.3d 1007.

*Maxwell v. Cayse*, 10-680, p. 3 (La.App. 3 Cir. 12/8/10), 54 So.3d 118, 121.

Based on the foregoing, to succeed at trial on his claim for damages, Mr. Hester would have to prove by a preponderance of the evidence: the existence and nature of the defects; that the defects were due to faulty materials or workmanship;

7

and the cost of repairing the defects. *Maxwell*, 54 So.3d 118. Regarding the cost of repairing the defects, after Burns Builders and Gemini pointed out the lack of factual support for that element of Mr. Hester's claim in their motion for summary judgment, the burden of proof then shifted to Mr. Hester to show that he would be able to meet his burden at trial. *See* La.Code Civ.P. art. 966(D)(1).

As discussed above, Mr. Hester argues in his brief to this court that he "alleged several items of damages in his petition in addition to seeking specific performance." Mr. Hester further asserts that he "specifically testified in his deposition as to the additional expenses he incurred including paying interest on the construction loan; paying for dirt work; paying attorney's fees for the closing of the construction loan and paying for the lot where the house was being built[.]" However, these alleged expenses do not establish "the cost of repairing the defects." *Maxwell*, 54 So.3d at 121.

Moreover, Mr. Hester testified at a deposition and was asked whether he had "contacted any contractors about going out and completing the work or repairing what [he] deemed to be construction defects" and whether he "ever obtain[ed] any bids or estimates from anybody to go back and address [his] concerns in terms of the work that was performed[.]" Mr. Hester answered "No" to both questions. Review of the record in its entirety reveals that Mr. Hester has not submitted evidence establishing the cost of repairing the alleged defects. *Maxwell*, 54 So.3d 118. Accordingly, Mr. Hester has failed "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." La.Code Civ.P. art. 966(D)(1). Accordingly, we affirm the trial court's grant of summary judgment.

**DECREE**

For the foregoing reasons, we affirm the judgment of the trial court, granting the motion for summary judgment; dismissing Lynton O. Hester IV's claims; and reserving the reconventional demand and third party demand of Burns Builders and Malcolm L. Burns d/b/a Burns Builders. All costs of this proceeding are assessed against Lynton O. Hester, IV.

**AFFIRMED.**