# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-706

ADONIS COLE WEEKS

VERSUS

SUNSTREAM, INC., ET AL.

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT,
PARISH OF NATCHITOCHES, NO. 79,214
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE

**********

## J. DAVID PAINTER
## JUDGE

**********

Court composed of Billy Howard Ezell, J. David Painter, and Shannon J. Gremillion, Judges.

**REVERSED.**

Gremillion, J., concurs and assigns written reasons.

**William J. Mitchell, Attorney at Law**
**450 Laurel Street, Suite 1701**
**Baton Rouge, LA 70801**
**Counsel for Defendants-Appellees:**
**      SunStream, Inc. and The Northern Insurance Company of New York**

**Robert L. Salim, Attorney at Law**
**1901 Texas Street**
**Natchitoches, LA 71457**
**Counsel for Plaintiff-Appellant:**
**      Adonis Cole Weeks**

**Billy L. West, Jr., Attorney at Law**
**P.O. Box 1033**
**Natchitoches, LA 71458**
**Counsel for Plaintiff-Appellant:**
**      Adonis Cole Weeks**

**PAINTER, Judge.**

Plaintiff, Adonis Cole Weeks (Weeks), appeals the grant of summary judgment in favor of Defendants, SunStream, Inc. (SunStream) and The Northern Insurance Company of New York (Northern), dismissing his negligence claim against them. We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

Weeks was employed by Pilgrim's Pride Corporation (Pilgrim's) as a maintenance mechanic. He alleges that he was injured on July 29, 2005, in the course and scope of his employment, by an "arcing explosion" that occurred when he re-set a circuit breaker in the master control center of Pilgrim's chicken processing plant in Natchitoches, Louisiana. Weeks initially filed suit against only SunStream, a contractor who provides electrical services to Pilgrim's on an "as needed" basis. By first supplemental and amending petition, Northern, as insurer of SunStream, was added as a defendant. Weeks filed a second supplemental and amending petition adding Schneider Electric Engineering Services, LLC (Schneider), and Square D, the manufacturer of the breaker, as defendants. Schneider was dismissed on an exception of no cause of action. Pilgrim's filed a petition in intervention naming SunStream as the sole defendant-in-intervention. A second supplemental and amending petition in intervention was filed to add Northern, Schneider, and Square D as additional defendants-in-intervention. SunStream and Northern filed a motion for summary judgment alleging that Weeks had absolutely no evidence regarding any alleged negligence on the part of SunStream that was a possible cause-in-fact of the accident or any alleged breach of any duty that SunStream may have owed him. The trial court agreed, granted the motion for summary judgment, and dismissed Weeks' claims against SunStream and Northern. The intervention, as well as Weeks' principal demand against Square D, remains pending in the district court.

Weeks appeals the grant of summary judgment in favor of SunStream and Northern and contends that the trial court committed legal error in finding that SunStream did not have a duty to warn him of the risk of injury and/or unreasonable

risk of harm. For the following reasons, we agree with Weeks and reverse the summary judgment.

## DISCUSSION

We review this matter de novo. *Reynolds v. Select Properties, Ltd.*, 93-1480 (La. 4/11/94), 634 So.2d 1180. However, we must first address SunStream and Northern's contention that this appeal is not properly before us. Specifically, SunStream and Northern contend that this is a partial summary judgment under La.Code Civ.P. art. 1915(B) since it does not dispose of all of Week's claims and because they remain as defendants-in-intervention. As such, SunStream and Northern contend that since Weeks did not request that the judgment be designated as a final judgment and since the trial court did not designate it as a final judgment, it is not immediately appealable. Accordingly, SunStream and Northern ask that we dismiss this appeal. Weeks, on the other hand, asserts that no designation is necessary.

Louisiana Code of Civil Procedure Article 1915(A) provides that "[a] final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case." We find that the judgment at issue is a final judgment under La.Code Civ.P. art. 1915(A)(1) and (3), rather than a partial judgment under 1915(B), because it disposes of Weeks' entire claim against SunStream and Northern.[1] No designation is necessary under La.Code Civ.P. Art. 1911, which provides that "[a]n appeal may be taken from a final judgment under Article 1915(A) without the judgment being so designated." This is not a situation where the summary judgment does not dispose of the entire case under La.Code Civ.P. art. 966(E). That SunStream and Northern remain in the suit as defendants-in-intervention is of no moment because the summary judgment dismissed all of Weeks' claims against them in the principal demand.

---

[1]*See Riehm v. State Farm Mut. Auto. Inc. Co.*, 07-651 (La.App. 5 Cir. 1/22/08), 977 So.2d 1045, wherein the court noted that judgment dismissing a party is final and appealable without the necessity for designation under La.Code Civ.P. art. 1915(B) even though other claims remain pending.

We now move to the merits of the grant of the motion for summary judgment. There was testimony that, prior to the subject accident, SunStream had attempted to repair the breaker. SunStream's owner was called to the plant the day before the subject accident because a circuit breaker kept tripping, causing the plant to shut down. SunStream's owner, Mr. Talmadge, testified that he contacted ETI, an engineering firm that is accredited to test this equipment, to come and test the breaker. He and the ETI representative went to Pilgrim's facility, and ETI conducted the testing, which was done by removing the rating plug and hooking the testing device up to it. The test revealed that the breaker was functioning at only a third of its capacity. Pilgrim's manager instructed SunStream to obtain a replacement breaker since the breaker could not be repaired on site. Weeks contends that the breaker was left in place while a new one was ordered and that he was instructed by his supervisors that he could by-pass the fail safe breaker by manually flipping the breaker back on. He alleges that SunStream failed to warn him of the risk of injury associated with the circuit breaker. Weeks' expert found that "the most probable cause of the accident was the incorrect reassembly of the breaker inside the motor control panel . . . ." Representatives of SunStream, however, contend that the breaker was not taken apart. The trial court found that "nothing that SunStream did or failed to do that [sic] caused plaintiff's damages. Plaintiff would be unable to satisfy his evidentiary burden of proof at trial." The trial court also found that there was no genuine issue of material fact as to whether or not SunStream was negligent. We disagree. There is a genuine issue of material fact regarding SunStream's leaving the breaker in place while a new one was located. Weeks contends that SunStream left the circuit breaker in an unsafe condition and failed to warn him and others at Pilgrim's facility of the risk of injury associated with the circuit breaker.

> Whether a defect presents an unreasonable risk of harm is a mixed question of fact and law that is peculiarly a question for the jury or trier of the facts. It entails innumerable considerations; and, because it requires a balancing of the risk and utility of the condition, it is not a simple rule of law which can be applied mechanically to the facts of any particular case. *Reed v. Wal-Mart Stores, Inc.*, 97-1174 (La. 3/4/98), 708 So.2d 362. It is "a matter wed to the facts" and must be determined

3

in light of the facts and surrounding circumstances of each particular case. *Dupree v. City of New Orleans*, 99-3651 (La. 8/31/00), 765 So.2d 1002.

*Waller v. Shelter Mut. Ins. Co.*, 41,215, p. 7 (La.App. 2 Cir. 6/28/06), 935 So.2d 288, 292.

We conclude that the trial court erred in granting summary judgment. In opposing the motion for summary judgment, Weeks presented sufficient evidence, including evidence of failure to comply with OSHA rules and regulations and that there was no warning label on the breaker despite Square D's suggestion that an arc flash warning label be used, to create a genuine issue of material fact as to whether an unreasonable risk of harm was presented by leaving the circuit breaker, which was known to be malfunctioning, in place. Further, to reach its stated conclusions, the trial court had to weigh the credibility of the opposing experts. The law is well settled that the trial court cannot make credibility determinations or weigh conflicting evidence in making its decision whether to grant or deny a motion for summary judgment. *DeMoss v. Pine Hills Golf and Country Club, Inc.*, 42,033 (La.App.2d Cir. 4/4/07), 954 So.2d 316; *Sharp v. Parkview Care Center, Inc.*, 41,341, 41,342 (La.App.2d Cir. 9/27/06), 940 So.2d 724. Instead, the trial court must assume that all affiants are credible. *Hutchinson v. Knights of Columbus Council 5747*, 03-1533 (La. 2/20/04), 866 So.2d 228; *Gladney v. Milam*, 39,982 (La.App.2d Cir. 9/21/05), 911 So.2d 366. That did not happen in this case. For these reasons, we reverse the summary judgment rendered by the trial court.

## DECREE

The trial court's grant of summary judgment in favor of Defendants-Appellees, SunStream, Inc. and The Northern Insurance Company of New York, is reversed. Costs of this appeal are assessed against Defendants-Appellees, SunStream, Inc. and The Northern Insurance Company of New York.

**REVERSED.**

ADONIS COLE WEEKS

VERSUS

SUNSTREAM, INC., ET AL.

**GREMILLION, Judge, concurs.**

I agree with the majority's conclusion that there exists a genuine issue of material fact as to whether an unreasonable risk of harm was presented by leaving the circuit breaker, which was known to be malfunctioning, in place. Thus, I concur with the majority's opinion. However, the majority overreached in attempting to articulate issues of fact, which, in fact, do not exist.

First, the majority states that "Sunstream had attempted to repair the breaker." The trial court expressly found that there "is no evidence of any repair attempts." Second, the majority cites the plaintiff's expert for the proposition that the accident was probably caused by "incorrect reassembly of the breaker." The trial court referenced the same language in its reasons for judgment. However, it went on to conclude that "[t]his opinion is not factually supported as it is clear that the breaker was never entered." Third, the majority suggests that there is a genuine issue as to whether Sunstream should have placed a "warning label" on the breaker. Because the defendant in question neither manufactured nor owned the breaker, it clearly had no duty to place such a warning label. There is no evidence that the defendant would have been permitted to place a warning label on the breaker of which it had no guard, custody, or control. Accordingly, I concur in the result.