KEATY, Judge.
_JjThe parties entered into a contract for the construction of a new home. Contending that the quality of the defendant’s work was sub-par, the plaintiff refused to issue a scheduled progress payment. The defendant allegedly did not fix the defective construction. The plaintiff filed suit after the parties failed to resolve their dispute, seeking damages for the alleged shoddy construction among other remedies. The defendant filed a reconventional demand, seeking payment of sums he alleged were due under the contract and subsequently filed a motion for summary judgment, seeking dismissal of the plaintiffs claims and judgment in his favor on the reconventional demand. The trial court granted the defendant’s motion for summary judgment, and the plaintiff now appeals. For the following reasons, we reverse the trial court’s grant of summary judgment and remand the matter for further proceedings consistent with this opinion.
Factual and Procedural Background
According to the record, in December of 2005, the plaintiff, Lynton 0. Hester, IV (Hester), entered into a contract with the defendant, Malcolm L. Burns d/b/a Burns Builders (Burns), for the construction of a new home in Rapides Parish. The contract price was initially $303,287.00. However, an addendum signed in January of 2006 increased the contract price to $322,287.00. The financing of the home was closed in March 2006, and construction began shortly thereafter. The contract between the parties called for progress payments (or draws) to be made when the construction reached various stages of completion and conditioned payment upon “substantial completion” of those phases. On March 16, 2006, the first payment was made by Hester in the amount of $18,447.46. The second payment in the amount of $96,686.10 was made on April 20, 2006, and the third payment in the amount of $88,000.00 was made on June 22, 2006. Thereafter, tissues arose between Hester and Burns concerning the workmanship of the trim portion of the construction. Burns contends that when the trim stage was completed, Hester refused to tender the progress payment for that stage of construction. Hester contends that because there were issues with the workmanship, he hired an expert, Philip Beard (Beard), to conduct an inspection of the residence and, based on Beard’s report, refused to authorize further payment to Burns. Burns refused to do any further work. According to the briefs, the parties were unable to reach any agreement concerning correction of the alleged defects.
Hester then filed the instant suit alleging breach of contract, defects in construction, and general damages for cost and injuries that resulted from delay in completion of the home. Burns filed an answer and reconventional demand, seeking sums that he alleged were due under the terms of the contract. Hester filed an *643 answer to the reeonventional demand, denying that additional sums were due. Burns filed a motion for summary judgment, alleging he was entitled to judgment dismissing Hester’s claims and granting Burns’ relief as a matter of law because there was no genuine issue of material fact. After a hearing, the trial court granted judgment in favor of Burns on his reeonventional demand in the amount of $96,686.10 with eighteen percent judicial interest, pursuant to the terms of the contract. It dismissed Hester’s claims against Burns. Hester appeals, asserting that:
1. The trial court erred in granting Summary Judgment in favor of Burns Builders and dismissing the claims of the Appellant for breach of contract.
2. The trial court erred in granting Judgment in favor of Burns Builders and awarding him $96,686.10 representing sums it determined to be due under the contract.
|sDiscussion
In Wright v. Louisiana Power & Light, 06-1181, p. 16 (La.3/9/07), 951 So.2d 1058, 1069 (quoting Babin v. Winn-Dixie Louisiana, Inc., 00-78 (La.6/30/00), 764 So.2d 37), the supreme court discussed the standard for granting a motion for summary judgment, stating:
A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.C.C.P. art. 966(B).
Appellate courts review summary judgments de novo. Supreme Servs. & Specialty Co., Inc. v. Sonny Greer, Inc., 06-1827 (La.5/22/07), 958 So.2d 634. In that review, we must determine whether “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ.P. art. 966(B).
Hester’s assignments of error address the trial court’s grant of summary judgment. Hester contends that his expert’s report on construction defects creates genuine issues of material fact remaining that would defeat Burns’ motion for summary judgment. We agree.
The parties entered into a written contract to build before construction began. Generally, a contract has the effect of law between the parties. Paddison Builders, Inc. v. Turncliff, 95-1753 (La.App. 1 Cir. 4/4/96), 672 So.2d 1133, writ denied, 96-1675 (La.10/4/96), 679 So.2d 1386. When a contract is clear, unambiguous, and does not lead to absurd consequences, the court should not infer beyond the written agreement to gather the parties’ true intentions. Lyons v. Coleman, 31,866 (La.App. 2 Cir. 5/5/99), 743 So.2d 213. In the contract to build between Hester and Burns, paragraph five allows the plaintiff to withhold funds if |4the work performed by the builder is defective and not remedied. Paragraph ten requires the builder to fix any and all defects. Hester’s expert signed an affidavit outlining numerous construction defects. Burns did not submit evidence showing that he fixed the defects. Pursuant to the contract, only when the alleged defects are fixed does plaintiff have a duty to pay the builder.
Burns filed a reeonventional demand asserting that payment was owed pursuant to the contract. In order for Burns to succeed on his claim, he would have to prove that payment was owed. Under paragraphs five and ten, Hester had the right to withhold payment if he *644 believed the construction was defective. Whether there were defects is a question of fact for the trial court to determine. The scope of damages is another determination for the fact finder. If there were no defects, Burns would be entitled to payment. Hester’s assertion that there were damages presents a question of material fact that should have been addressed by the trial court. Accordingly, summary judgment was inappropriate.
DECREE
For the foregoing reasons, the judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to defendant/ap-pellee, Malcolm Burns d/b/a Burns Builders.
REVERSED AND REMANDED.
AMY, J., dissents and assigns written reasons.