HIGGINBOTHAM, J.
|2In this workers’ compensation case, the claimant, Martin Welborn, appeals a judgment of the Office of Workers’. Compensation that granted a motion for summary judgment in favor of his employer, Thompson Construction.
FACTS AND PROCEDURAL HISTORY
In April 2013, Martin Welborn worked for Thompson Construction as. a welder. While at work on April 6, 2013, Mr. Wel-born was hauling pipes from the sixth to the eleventh floor when he reported experiencing pain in his left shoulder. Subsequently, on April 18, 2013, Mr. Welborn reported that he was flipping over a metal support beam and heard his left shoulder pop. After this incident, he was taken to an urgent care medical facility where x-rays of his shoulder disclosed that he had a grade 2 AC joint separation. Mr. Welborn was released to return to work light duty; however, he continued to do his regular job.
. Mr. Welborn was then evaluated -by Dr. Kevin Riche at the Baton Rouge Orthopedic Clinic, who diagnosed him with an AC joint separation and referred him to Dr. Larry S. Bankston, a shoulder specialist. Dr. Bankston diagnosed Mr. Welborn with a grade 5 AC joint separation and recommended surgery. Mr. Welborn was then referred! by his employer to Dr. Paul M. van Deventer, who also examined Mr. Wel-born.
On March 28, 2014, Mr. Welborn filed a disputed claim for workers’ compensation benefits. In response, Thompson Construction filed a motion for summary judgment, wherein it argued that Mr. Welborn would not be able to establish a causal connection between the April 2013 incidents at work and his shoulder injury, because neither Dr. Bankston nor Dr. van Deventer causally related the work accidents with the type of injury Mr. Welborn sustained.
The motion for summary judgment was heard by the workers’ compensation judge on March 24, 2015. After taking the matter under consideration, the workers’ Iscompensation judge granted Thompson *1088 Construction’s motion for summary judgment, dismissing Mr.-Welborn’s claim with prejudice. In the judgment, the workers’ compensation judge concluded that Mr. Welborn did not meet his burden of proof to establish his shoulder injury was causally related to an on the job accident, nor did he meet his burden to establish that a work injury aggravated, accelerated, or combined with any pre-existing disease or infirmity to produce disability. From that judgment, Mr. Welborn filed the instant appeal
STANDARD OF REVIEW
When reviewing summary judgments, appellate courts conduct a de novo' review of the evidence, using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Boudreaux v. Vankerkhove, 2007-255S (La.App. 1st Cir.8/11/08), 993 So.2d 725, 729-30. The motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B)(2).
On a motion for summary judgment, the initial burden of proof is on the moving party. However, on issues for which the moving party will not bear the burden of proof at trial, the moving party must only point out to the court that there is an absence of factual support for one or more elements essential to the adverse-party’s claim, action, or defense. Then the non-moving party must produce factual support sufficient to satisfy its evidentiary burden of proof at trial. If the nonmoving party fails to do so, there is no genuine issue of material, fact, and the mover is entitled to summary judgment. La.Code Civ. P. art. 966(C)(2).[1]
J^LAW AND ANALYSIS
The workers’ compensation laws provide coverage to an employee for personal injury received by accident arising out of and in the course of employment. LSA-R.S. 23:1031(A). An employee must prove the chain of causation required by the workers’ compensation statutory scheme. He must establish that the accident was work-related, that the accident caused the injury, and that the injury caused the disability. See DeGruy v. Pala, Inc., 525 So.2d 1124, 1130 (La.App. 1st Cir.), writ denied, 530 So.2d 568 (La.1988). Initially, a workers’ compensation claimant has the burden of establishing by a preponderance of the evidence that an accident occurred on the job and that he sustained an injury. Holiday v. Borden Chem., 508 So.2d 1381, 1383 (La.1987). Next, he must establish a causal connection between the accident and the resulting disability by a preponderance of the evidence. West v. Bayou Vista Manor, Inc., 371 So.2d 1146, 1147 (La.1979). Causation is not necessarily and exclusively a medical conclusion. It is usually the ultimate fact to be found by the fact finder based on all credible evidence. DeGruy, 525 So.2d at 1132.
Even if the. employee suffered from a pre-existing medical condition, he may still meet his burden of proof of causation if he proves that the reported accident *1089 aggravated, accelerated, or combined with the pre-existing condition to produce a compensable disability. Peveto v. WHC Contractors, 93-1402, (La.1/14/94), 630 So.2d 689, 691. He may be aided in meeting the foregoing burden by a presumption of causation, if he can prove that before the accident he had not manifested disabling symptoms, that such symptoms commenced with the accident and manifested themselves thereafter, and that either medical or circumstantial evidence indicates a reasonable possibility of causal connection between the accident and onset of the disabling symptoms. Walton v. Normandy Village Homes Ass’n, Inc., 475 So.2d 320, 324-25 (La.1985).
| ^Although procedural rules are construed liberally in favor of workers’ compensation claimants, the burden of proof, by'a preponderance of the evidence, is not relaxed. Thus, the testimony as a whole must show that more probably than not an employment accident occurred and that it had a causal relation to the disability. If the testimony leaves the probabilities equally balanced,, the plaintiff has failed to carry the burden of persuasion. Likewise, the plaintiffs case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture. Buxton v. loica Police Department, 2009-0520 (La.10/20/09), 23 So.3d 275, 283.
In favor of its motion for summary judgment, Thompson Construction introduced the deposition, and medical records of Mr. Welborn, the deposition of Dr. Bankston, and the medical report prepared by Dr. van Deventer.
In his deposition, Mr. Welborn stated that on April 6, 2013, while working for Thompson Construction, his shoulder began .hurting when.; he was carrying pipes from the sixth floor to the eleventh floor, and that on April 18, 2013, he heard his shoulder pop when he was flipping over a beam. Mr. Welborn presented to Dr. Bankston his description of incidents that he reported occurred at work. After Dr. Bankston examined Mr. Welborn, he determined that he had a grade 5 AC separation and sent him for an MRI, but concluded that “the mechanism does not quite fit the injury.” After reviewing the results of the MRI, Dr. Bankston recommended surgery, but again noted that Mr. Welborn’s story “is still a little .unusual in terms of how-this occurred, but he clearly has a grade 5 AC separation and some persistent symptoms.”
Dr. Bankston stated in his deposition that he did not know how lifting things could disrupt an AC joint because generally there is some direct fall or direct blow that causes ah AC separation. He acknowledged that if Mr. Welborn dropped a pipe on his shoulder and sustained ‘a pretty heavy’ impact, then such an incident could possibly cause a grade 2 AC separation, which with heavy and continued work lifting, could develop into a grade 5 AC separation. However, Dr. Bankston confirmed that Mr. R-Welborn’s description of the accident did not fit the injury diagnosed by Dr.' Bankston. Dr. Bankston testified that what happened to Mr. Wel-born would have to be significant to cause a grade 5 AC separation.
Dr. van Deventer also evaluated Mr. Welborn, who told Dr. van Deventer that he injured his shoulder while rotating a steel beam. Dr. van Deventer noted in his report that AC- .separations, especially a grade 3 or 5 separation, occur most commonly with a downward — directed force over the acromion, for instance someone falling on his shoulder. He concluded that the mechanism of the reported injury would be highly unlikely to produce a grade 3/5 separation, and concluded that he was unable to relate a grade 5 AC separation tathe incidents described.
*1090 In this case, Thompson Construction pointed out to the court that there is an absence of factual support for the causation element of Mr. Welborn’s workers’ compensation claim, which is an essential element to his claim. Thus, Mr. Welborn must’produce factual support sufficient to satisfy his evidentiary burden of proof at trial.
In opposition to Thompson Construction’s motion for summary judgment, Mr. Welborn relied on Dr. Bankston’s deposition and also the Thompson Construction Incident Investigation Form. The investigative form described the incidents reported by Mr. Welborn as Mr. Welborn carrying pipes upstair? and feeling pain in his shoulder on April 6, 2013, and Mr. Wel-born rolling oyer a support beam and hearing his shoulder pop on April 18, 2013.
Dr. Bankston’s deposition testimony did provide that it was plausible that Mr. Wel-born dropping a pipe on his shoulder could cause a grade .2 AC separation, which with heavy lifting could develop into a grade 5 AC separation. However, this statement proves only a possibility of a causative accident and leaves it to speculation or conjecture, which is not sufficient to show that more probably than not Mr. Wel-born’s accident had a causal relation to his injury. See Buxton, 23 So.3d at 283. Additionally,_Jjthe record contains no evidence indicating that ‘Mr. Welborn dropped a pipe on his shoulder. In his deposition, Mr. Welborn stated that he was “carrying the pipe” up a flight of stairs on his left shoulder when it began hurting; and, on a subsequent date, he experienced pain in the same shoulder when he tried to roll a beam over on its side. The history provided by Mr. Wel-born to his treating physicians likewise does not mention .any type of direct blow or fall involving his shoulder.
•After thorough review of the record, we find Mr. Welborn was unable to produce factual support sufficient to establish a causal connection betweén the accident and the resulting disability by a preponderance of the evidence, nor did he prove either medical or circumstantial evidence indicating a reasonable possibility of causal connection between the accident and onset of the disabling symptoms entitling him to the presumption of causation.
CONCLUSION
Following our de novo review of the record, we conclude that- Mr. Welborn failed to . produce factual support sufficient to establish that he will be, able to satisfy his evidentiary burden of proof at trial. Therefore, there is no genuine issue of material fact, and the motion for summary judgment was properly granted. The judgment of the workers’ compensation judge is affirmed. All costs of the appeal are assessed to appellant, Mr. Martin Wel-born. i . . .
AFFIRMED.
PETTIGREW, J. concurs.

. Louisiana Code of Civil Procedure article 966 was amended and reenacted by Acts 2015, No. 422, § 1, with an effective date of January 1, 2016. The amended version of article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act;, therefore, we refer to the former version of the article in this case. ■See Acts 2015, No. 422, §§ 2 and 3.