NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-824

LYNTON O. HESTER, IV

VERSUS

BURNS BUILDERS, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 230,061
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

**********

SYLVIA R. COOKS

JUDGE

**********

Court composed of Sylvia R. Cooks, John E. Conery, and Van H. Kyzar, Judges.

RULE RECALLED. APPEAL MAINTAINED.

Harold Alan Murry
Attorney at Law
608 Murray Street
Alexandria, Louisiana 71301
(318) 448-4441
COUNSEL FOR PLAINTIFF/APPELLANT:
    Lynton O. Hester, IV

**Wade Thomas Visconte**
**All American Law Firm**
**401 Edwards Street, #2100**
**Shreveport, Louisiana 71101**
**(318) 918-1245**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Malcolm L. Burns d/b/a Burns Builders**

**Karl H. Schmid**
**Degan, Blanchard & Nash**
**400 Poydras Street, Suite 2600**
**New Orleans, Louisiana 70130**
**(504) 529-3333**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Gemini Insurance Company**

**Lynton O. Hester, IV**
**2517 Avenue B**
**Alexandria, Louisisna71301**
**(318) 442-5667**
**PLAINTIFF/APPELLANT:**
**IN PROPER PERSON**

**COOKS, JUDGE.**

This court issued, *sua sponte*, a rule ordering the Plaintiff-Appellant, Lynton O. Hester, IV, to show cause, by brief only, why the appeal in this case should not be dismissed for having been taken from a partial final judgment which has not been designated immediately appealable pursuant to La.Code Civ.P. art. 1915(B). For the reasons assigned, we hereby recall the rule and maintain the appeal.

Plaintiff and Defendant, Malcolm L. Burns d/b/a Burns Builders, entered into a contract for Defendant to build Plaintiff a new home in Rapides Parish. The initial contract price was $303,287.00; however, pursuant to an addendum to the contract, the contract price was increased to $322,287.00. Plaintiff made the first three installment payments that were due under the home construction contract. However, because Plaintiff was dissatisfied with the quality of Defendant's work at the trim stage of construction, Plaintiff refused to tender a scheduled payment for that stage of construction. After the parties were unable to reach an agreement regarding correction of the alleged construction defects, Plaintiff filed suit against Defendant seeking damages for breach of contract, defects in construction, and delay in completion of the home. Defendant filed a reconventional demand seeking payment of sums that Plaintiff allegedly owed Defendant under the construction contract.

Defendant filed a motion for summary judgment seeking dismissal of Plaintiff's claims and payment of Defendant's reconventional demand. On August 30, 2011, the trial court signed a judgment granting Defendants' motion for summary judgment. Via that judgment, Plaintiff's claims for damages and specific performance under the construction contract were dismissed, and Defendant was awarded $96,686.10 plus interest for the reconventional demand. Also, a third party claim which Defendant had filed against Gemini Insurance Company (Gemini) was reserved.

In 2011, Plaintiff appealed the August 30, 2011 judgment in a prior appeal which was filed under this court's docket number 11-1537. In that prior appeal, this court found that the contract between the parties requires Defendant to fix any defects in construction and permits Plaintiff to withhold payment if there are any defects. *Hester v. Burns Builders*, 11-1537 (La.App. 3 Cir. 6/6/12), 92 So.3d 641, *writ denied*, 12-1576 (La. 10/12/12), 98 So.3d 875. This court also found that the question of whether there were defects in the construction is a question of fact that should be determined by the trier of fact. *Id*. Therefore, this court reversed the August 30, 2011 judgment and remanded the case to the trial court. *Id*.

After the case was remanded to the trial court, Defendant and the third-party defendant, Gemini, filed a motion for summary judgment seeking to have Plaintiff's claims dismissed and to have the residential construction contract dissolved so that Defendant would owe no future performance under the contract. On March 30, 2017, the trial court signed a judgment granting summary judgment and dismissing Plaintiff's claims but reserving Defendant's reconventional demand against Plaintiff and Defendant's third-party demand against Gemini. Plaintiff now seeks to appeal that judgment. After the appeal was lodged with this court, the rule to show cause order was issued requiring Plaintiff to show cause why the appeal should not be dismissed for having been taken from a partial judgment which has not been designated immediately appealable pursuant to La.Code Civ.P. art. 1915(B).

In his response to this court's rule, Plaintiff takes the position that the instant appeal should be allowed to proceed because the March 30, 2017 judgment dismisses all of Plaintiff's claims against Defendant with prejudice. The judgment is styled, "Partial Judgment," and it initially appeared to be a partial judgment under La.Code Civ.P. art. 1915(B). However, upon further review of the record and judgment at issue, we note that this case does not involve a situation in which

only some of a particular party's claims have been dismissed. Instead, the March 30, 2017 judgment, which grants Defendant's motion for summary judgment, dismisses all of Plaintiff's claims in the principal demand but reserves all of the claims in Defendant's reconventional demand and in Defendant's third-party demand against Gemini. Thus, while the judgment at issue dismisses Plaintiff from the lawsuit in his capacity as Plaintiff, it does not serve to dismiss Plaintiff in his capacity as Defendant-in-Reconvention.

This court has previously addressed the application of La.Code Civ.P. art. 1915 in a case wherein principal and incidental demands had been filed but summary judgment was granted only with regard to the main demand. In *Weeks v. SunStream, Inc.,* 09-706 (La.App. 3 Cir. 2/10/10), 30 So.3d 1163, *writ denied*, 10-0577 (La. 06/25/10), 38 So.2d 337, the plaintiff, Adonis Cole Weeks (Weeks), was injured during the course and scope of his employment as a maintenance mechanic for Pilgrim's Pride Corporation (Pilgrim's). An "arcing explosion" allegedly occurred when Weeks attempted to re-set a circuit breaker. Weeks filed a negligence action against SunStream, which is a contractor that provided electrical services to Pilgrim's; Northern, which is SunStream's insurer; Schneider Electric Engineering Services, L.L.C. (Schneider); and Square D, which is the manufacturer of the breaker. Schneider was dismissed from the case on an exception of no cause of action. Pilgrim's filed an intervention action against SunStream, Northern, Schneider, and Square D. SunStream and Northern filed a motion for summary judgment seeking dismissal of Weeks' claims against them on the ground that Weeks had no evidence to prove the issues of causation and breach of duty.

The trial court granted the motion for summary judgment and dismissed Weeks' claims against SunStream and Northern. Weeks' principal demand against

Square D and Pilgrim's intervention action remained pending in the trial court. Weeks appealed the judgment granting the motion for summary judgment.

Seeking to have the appeal dismissed, SunStream and Northern argued that the judgment at issue in that case was a partial final judgment under La.Code Civ.P. art. 1915(B) and that the appeal was not properly before this court because the judgment had not been designated immediately appealable. On the other hand, Weeks argued that designation was not required. This court held as follows:

> Louisiana Code of Civil Procedure Article 1915(A) provides that "[a] final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case." We find that the judgment at issue is a final judgment under La.Code Civ.P. art. 1915(A)(1) and (3), rather than a partial judgment under 1915(B), because it disposes of Weeks' entire claim against SunStream and Northern. No designation is necessary under La.Code Civ.P. art. 1911, which provides that "[a]n appeal may be taken from a final judgment under Article 1915(A) without the judgment being so designated." This is not a situation where the summary judgment does not dispose of the entire case under La.Code Civ.P. art. 966(E). That SunStream and Northern remain in the suit as defendants-in-intervention is of no moment because the summary judgment dismissed all of Weeks' claims against them in the principal demand.

*Weeks*, 30 So.3d at 1165 (footnote omitted).

Following the reasoning and holding set forth by this court in *Weeks*, 30 So.3d 1163, we find that the judgment at issue in the instant case does not constitute a partial judgment under La.Code Civ.P. art. 1915(B). Rather, we find that the March 30, 2017 judgment, which dismisses Plaintiff's principal demand, falls under La.Code Civ.P. art. 1915(A)(1) and (3). Pursuant to 1915(A)(1) and (3), even if all of the claims in a case have not been adjudicated, a judgment is deemed final if it "[d]ismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors" or "[g]rants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E)." Louisiana Code of Civil Procedure Article 966(E), in pertinent part, provides that "[a] summary judgment

4

may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties." In the instant case, the March 30, 2017 judgment falls under La.Code Civ.P. art. 1915(A)(3) because it grants Defendant's motion for summary judgment and disposes of Plaintiff's principal demand in its entirety, rather than granting summary judgment as to particular issues as contemplated by La.Code Civ.P. art. 966. We find that the judgment also falls 1915(A)(1) because it dismisses Plaintiff from the lawsuit in his capacity as Plaintiff. This finding is not affected by the fact that the Plaintiff remains in the lawsuit in the capacity of the Defendant-in-Reconvention. *See Weeks*, 30 So.3d 1163.

Having determined that the judgment at issue in this appeal is a final judgment under La.Code Civ.P. art. 1915(A), we find that there is no need for the judgment to be designated immediately appealable. *See* La.Code Civ.P. art. 1911(B). Therefore, we hereby recall the rule and maintain the appeal.

**RULE RECALLED. APPEAL MAINTAINED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.