CRAIN, J.
Texas Brine Company, LLC appeals a summary judgment dismissing the plaintiff's claims against certain liability insurers of Texas Brine. In an answer to the appeal, the insurers assert the trial court erred in denying their motion for summary judgment seeking a dismissal of Texas Brine's incidental demand against them. We affirm in part, reverse in part, and render summary judgment in favor of the insurers.
FACTS AND PROCEDURAL HISTORY
This is one of several lawsuits arising out of a sinkhole in Assumption Parish that developed on or about August 3, 2012, following the collapse of a salt mine cavern. Florida Gas Transmission Company sued Texas Brine, among other defendants, alleging Texas Brine's salt mining operations caused the collapse of the cavern and the resulting sinkhole, which damaged two of Florida Gas's nearby pipelines. Florida Gas also sued several liability insurers, including Zurich American Insurance Company, alleging the insurers issued policies providing coverage for Texas Brine's alleged liability. Texas Brine filed an incidental demand against Zurich, alleging it was obligated to provide Texas Brine with indemnity and a defense in the litigation.
Citing policy language limiting coverage to damage that "occurs during the policy period," Zurich filed motions for summary judgment asserting its "pre-2012 *549 policies," the last of which expired on March 1, 2012, do not cover Florida Gas's claims and do not require Zurich to provide a defense to Texas Brine.[1] In a judgment signed on September 13, 2017, the trial court granted summary judgment in favor of Zurich, dismissing Florida Gas's claims against Zurich with prejudice; however, the trial court denied the motion with respect to Texas Brine's claims, stating in written reasons that a genuine issue of material fact precluded summary judgment on Zurich's duty to defend. Texas Brine appealed the dismissal of Florida Gas's claims against Zurich.[2] Answering the appeal, Zurich asserts the trial court erred in denying its motion as to Texas Brine's claims.[3]
DISCUSSION
The arguments presented on appeal by Texas Brine and Zurich have been addressed in a related appeal decided by this circuit, Pontchartrain Natural Gas System v. Texas Brine Company, LLC , 18-0244 (La. App. 1 Cir. 10/11/18), 264 So.3d 545, which reviewed a similar motion for summary judgment filed by Zurich and argued to the same trial court at the same hearing as the present motion. In the related appeal, this court affirmed a summary judgment dismissing a different plaintiff's claims against Zurich, then reversed the trial court and rendered summary judgment in favor of Zurich dismissing Texas Brine's incidental demand against the insurer. See Pontchartrain Natural Gas System , 264 So.3d at ----.
The present case is not materially distinguishable from Pontchartrain Natural Gas System . In support of its motion on coverage, Zurich relies on the same *550 evidence, primarily the policy provision limiting coverage to damage that "occurs during the policy period," and Florida Gas's admissions during discovery that it is not aware of any damage to its pipelines before the sinkhole appeared.
In opposition to the motion, Texas Brine principally relies on expert affidavits and a report, specifically focusing on one expert's opinion that "earth movement... could have damaged the underground pipelines earlier than March 1, 2012." (Emphasis added.) Accepting this statement as credible, which we must do for purposes of the motion,[4] the mere possibility that damage "could" have occurred during a relevant policy period does not create a genuine issue of material fact. Proof that establishes only possibility, speculation, or unsupported probability does not suffice to establish a claim. Todd v. State Through Department of Social Services, 96-3090 (La. 9/9/97), 699 So.2d 35, 43. An expert's speculation that a material fact "possibly" exists or "may have" occurred is not sufficient to create a genuine issue precluding summary judgment. See Mansoor v. Jazz Casino Co., LLC, 12-1546 (La. 9/21/12), 98 So.3d 795 (per curiam ); Welborn v. Thompson Construction, 15-1217 (La. App. 1 Cir. 2/26/16), 191 So.3d 1086, 1090. The subject affidavits, as this circuit has previously held, are insufficient to create a genuine issue of material fact. See Pontchartrain Natural Gas System, 264 So.3d at ---- ; Crosstex Energy Services, LP v. Texas Brine Company, LLC, 17-0895 (La. App. 1 Cir. 12/21/17), 240 So.3d 932, 937-38, writ denied, 18-0145 (La. 3/23/18), 238 So.3d 963. The trial court did not err in granting summary judgment and dismissing Florida Gas's claims against Zurich.
Texas Brine's duty-to-defend claim differs from Pontchartrain Natural Gas System and Crosstex Energy Services, LP only to the extent this case involves a different plaintiff and petition. Florida Gas filed its suit on June 26, 2013, less than a year after the sinkhole appeared in August of 2012. The original petition and first two amending petitions do not suggest any damages occurred before the sinkhole. In the third amending petition, filed on August 17, 2015, Florida Gas alleged "the structural integrity and operating capacity of [its] ... pipelines were compromised as a result of the long-term subsidence prior to the failure of the salt cavern." In a fourth amendment, filed less than four months later on December 1, 2015, Florida Gas added:
The ... pipelines have been buried at all relevant times, and any such damage caused prior to the formation of the sinkhole has gone undetected, but Florida Gas has been unable to rule out whether the damage to which it was exposed over many years was realized prior to the formation of the sinkhole .... Since 1994 ... the activities of Texas Brine ... have caused subsidence, which, in turn, are believed to have caused damage to Florida Gas' pipelines over many years.
At that same time, however, Florida Gas admitted in discovery that it "has not discovered any specific damage which was likely caused by subsidence prior to March 1, 2012," and "is presently unaware of specific physical injury to any segment of *551 its Pipelines occurring prior to the development of the sinkhole."
Although the duty to defend is broader than the duty to indemnity, the duty to defend ceases when the uncontroverted facts preclude the possibility of coverage under the policy. See Pontchartrain Natural Gas System , 264 So.3d at ---- ; Maldonado v. Kiewit Louisiana Co., 13-0756 (La. App. 1 Cir. 3/24/14), 146 So.3d 210, 219 ; Allstate Insurance Company v. Roy, 94-1072 (La. App. 1 Cir. 4/7/95), 653 So.2d 1327, 1333, writ denied, 95-1121 (La. 6/16/95), 655 So.2d 339. Here, the carefully crafted allegations of Florida Gas's third and fourth amending petitions, filed three years after the sinkhole appeared, did not create a duty to defend where the uncontroverted admissions establish that no pre-sinkhole damage has ever been identified. The trial court erred in denying the motion for summary judgment seeking dismissal of Texas Brine's claims against Zurich. See Pontchartrain Natural Gas System, 264 So.3d at ----. We reverse that ruling and render summary judgment in favor of Zurich, dismissing Texas Brine's claims against the insurer under the pre-2012 policies with prejudice and at Texas Brine's cost.
CONCLUSION
The September 13, 2017 summary judgment dismissing Florida Gas's claims against Zurich is affirmed. We reverse the trial court's denial of the motion for summary judgment relevant to Texas Brine's claim and render summary judgment in favor of Zurich, dismissing Texas Brine's claims against Zurich under the pre-2012 policies with prejudice and at Texas Brine's cost. All costs of this appeal are assessed to Texas Brine.
MOTION TO DISMISS DENIED; JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
Holdridge J. concurs reasons
HOLDRIDGE, J., concurs.
I concur in the result. In Crosstex Energy Services, LP v. Texas Brine, Co., LLC, 17-0863 (La. App. 1 Cir. 12/21/17), 240 So.3d 1024, 1030-32, writ denied, 18-0145 (La. 3/23/18), 238 So.3d 963, this court decided the same issues presented in this case. Unlike Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC, 18-0062, 2019 WL 168583 (La. App. 1 Cir. 1/11/19) (decided this same day) and Pontchartrain Natural Gas System v. Texas Brine Company, LLC, 18-0244 (La. App. 1 Cir. 10/11/18), 264 So.3d 545, the Crosstex case is now a final and definitive judgment since the Louisiana Supreme Court has denied Texas Brine's application for a writ of certiorari. La. C.C.P. art. 2167(C). Therefore, we are bound to follow the final and definitive judgment rendered by another panel of this court.

The second motion, specifically directed at Texas Brine's incidental demand, was filed on behalf of Zurich American Insurance Company, for itself and as successor-in-interest to Zurich Insurance Company (U.S. Branch), Steadfast Insurance Company, and American Guarantee & Liability Insurance Company, collectively referred to herein as "Zurich." The coverage provided by the Zurich policies in effect after March 1, 2012, was exhausted, leaving only claims under the "pre-2012" polices addressed in the subject motions.

Zurich filed a motion to dismiss Texas Brine's appeal, arguing the summary judgment is a partial judgment not designated as final for purposes of appeal pursuant to Louisiana Code of Civil Procedure article 1915B. Because the judgment dismisses all of Florida Gas's claims against Zurich, it is appealable under Article 1915A(1) and (3). See Pontchartrain Natural Gas System v. Texas Brine Company, LLC, 18-0244 (La. App. 1 Cir. 10/11/18), 264 So.3d 545 ; Qasem v. Acadian Apartments, Inc., 17-1591, p. 3 (La. App. 1 Cir. 6/1/18), 252 So.3d 1 ; Mabile's Trucking, Inc. v. Stallion Oilfield Services, Ltd., 15-0740 (La. App. 1 Cir. 1/8/16), 185 So.3d 98, 101 n.2, writ denied, 16-0251 (La. 4/4/16), 190 So.3d 1207 ; Estate of Kirsh v. Blanchard, 11-1835, 2012 WL 3228973, p. 3 (La. App. 1 Cir. 8/9/12), writ denied, 12-2502 (La. 1/18/13), 107 So.3d 632 ; Weeks v. Sunstream, Inc., 09-706 (La. App. 3 Cir. 2/10/10), 30 So.3d 1163, 1165, writ denied, 10-0577 (La. 6/25/10), 38 So.3d 337. The motion to dismiss is denied.

A denial of a motion for summary judgment is a non-appealable, interlocutory judgment. See La. Code Civ. Pro. art. 968. However, when an appeal is taken from a partial summary judgment immediately appealable under Article 1915, an appellant may seek review of an interlocutory judgment involving the same or related issues as the judgment on appeal. See Pittman v. Fairway Medical Center, L.L.C., 11-0278, 2011 WL 4625551, p. 4 n.2 (La. App. 1 Cir. 10/6/11), writ denied, 11-2848 (La. 3/2/12), 84 So.3d 533 ; State ex rel. Division of Administration v. National Union Fire Insurance Company of Louisiana, 10-0689 (La. App. 1 Cir. 2/11/11), 56 So.3d 1236, 1242, writ denied, 11-0849 (La. 6/3/11), 63 So.3d 1023. Likewise, the appellee may seek review of an interlocutory judgment involving the same or related issues by filing an answer to the appeal. See La. Code Civ. Pro. art. 2133 ; Wilson v. Two SD, LLC, 15-0959 (La. App. 1 Cir. 12/23/15), 186 So.3d 103, 113.

See Thompson v. Center for Pediatric and Adolescent Medicine, L.L.C., 17-1088 (La. App. 1 Cir. 3/15/18), 244 So.3d 441, 447, writ denied, 18-0583 (La. 6/1/18), 243 So.3d 1062. Although Zurich filed a motion to strike the experts' affidavits and objected on the record at the hearing, the motion to strike was not presented at the hearing, and the trial court did not expressly exclude the affidavits from consideration. See La. Code Civ. Pro. art. 966D(2).